**Helen M. PAGE, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 82–1338.

United States District Court, M.D. Pennsylvania.

Nov. 14, 1984.

Paul D. Welch, Jr., New Bloomfield, Pa., for plaintiff and proposed intervenor Feldser.

Jonathan M. Stein, Com. Legal Services, Philadelphia, Pa., for plaintiff-intervenor Grant Schaefer.

Thomas Dougherty, Jr., Gary S. Turetsky, Asst. Regional Atty., Dept. of Health & Human Services, Philadelphia, Pa., Barbara L. Kosik, Asst. U.S. Atty., Harrisburg, Pa., for defendant.

MEMORANDUM

CALDWELL, District Judge.

I.  Introduction

Before us is defendant's motion for relief from a portion of our memorandum and order of July 2, 1984.  587 F.Supp. 55.  For the reasons discussed hereinafter, the motion is denied.

II.  Background

The memorandum and order that are at issue were filed following submission by the Secretary of proposed program instructions with regard to waiver of overpayment under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*  In an order filed on April 24, 1984, we directed that the instructions be filed by May 25, 1984 and that responses to those instructions be filed within the timetables set forth in Local Rules 401.6 and 401.7 of the Middle District

---

of Pennsylvania. The Secretary's proposed instructions were filed on May 29, 1984. Plaintiff filed a reply on June 7, 1984, and any further reaction by the Secretary would have been due by late June. The Secretary chose to file nothing, even though plaintiff's reply had suggested three modifications to the proposed instructions.

Two of these modifications were rather innocuous and entailed minor changes in the implementation date for the instructions and in the wording in a paragraph regarding the contents of the notice to be sent to individuals for whom an overpayment waiver was not approved. The third modification suggested by plaintiff, however, was of much greater import in that plaintiff opposed the Secretary's notice regarding cross program recovery of overpaid SSI benefits from Title II Social Security benefits. As support for her position, plaintiff relied on the case of *Ellender v. Schweiker*, 550 F.Supp. 590, (S.D.N.Y. 1983). The *Ellender* court held that such cross recovery, even with a beneficiary's consent, is illegal. Based on *Ellender*, this court's decision was that the paragraph dealing with cross collection was to be excluded from notices utilized by the Secretary.

III. The Current Motion

Our memorandum and order on the modifications were filed on July 2, 1984, and included instructions that the Secretary's procedures, as modified, be put into effect within sixty (60) days. On August 15, 1984, approximately two weeks before the time set for implementation of the procedure, the Secretary filed the current "motion for relief from judgment" and supporting brief. Essentially the Secretary has contended that this court's conclusions with regard to cross program recovery were erroneous. The Secretary, however, had ample opportunity to oppose the modifications suggested by plaintiff and did not do so timely. She now seeks to bring the cross recovery matter to our attention by use of a motion after failing to comply with a briefing schedule set by court order. For

us to allow such a practice is to invite repetition of attempted sidestepping of orderly procedure. This we decline to do. We realize that the Secretary could point to her sizable caseload as an excuse for her inaction, but in the above-captioned matter the plaintiff is represented by counsel in a small legal services office, and not by a large law firm with paralegals and law clerks to help him meet his obligations to this court, which he has capably done on a constant basis. Thus, we feel the workload burdens on all counsel in this case are comparable.

We are greatly concerned that this case has dragged on in excess of two years since the complaint was filed on October 27, 1982. After the filing of numerous motions, briefs, and other documents, numbering forty-six in all, on September 2, 1983, we found that the Secretary's procedures for recouping purported overpayments from SSI beneficiaries required revision. 571 F.Supp. 872. Those procedures have yet to be implemented, even though our memorandum and order of July 2, 1984, established the time for implementation as sixty days from the July date. As previously indicated, the Secretary waited until approximately two weeks before she was to implement the revised procedures to file her current motion. Thus, even if this motion was not filed solely as a dilatory tactic, the Secretary nevertheless was well aware that it would further and perhaps improperly delay resolution of this case.

Under our local rules, the Secretary's failure to file timely opposition may result in her being deemed unopposed to the modifications suggested by plaintiff. Though this stance may seem harsh, it is no more inequitable than permitting a party to do nothing initially and then later assert a position that could have and should have been raised earlier. Certainly we need not examine the merits of the Secretary's position on cross recovery. However, in the interest of putting to rest further disputes on the procedures to be implemented by the Secretary and avoid further delay of their

implementation, we shall briefly examine the issue.

The relevant statute, 42 U.S.C. § 407, which clearly prohibits the transfer or assignment of one's rights to future Social Security benefits and exempts these benefits from all process, provides as follows:

### (a) Inalienability of right to future payments

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

### (b) Inamendability of section by inference

No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

The regulation promulgated by the Secretary for the implementation of the statute is 20 C.F.R. § 404.1820, which provides:

(a) *General.* We shall not certify payment to—

(1) Any person designated as your assignee or transferee; or

(2) Any person claiming payment because of an execution, levy, attachment, garnishment, or other legal process, or because of any bankruptcy of insolvency proceeding against or affecting you.

(b) *Enforcement of a child support or alimony obligation.* If you have a legal obligation to provide child support or make alimony payments and legal process is issued to enforce this obligation, the provisions of paragraph (a) of this section do not apply.

Neither the statute nor the regulation authorizes the Secretary to engage in the cross recovery she has proposed in the present case. We therefore agree with plaintiff that the Secretary should be in no different status than a private creditor, despite the Secretary's attempt to place herself in a preferential position.

To support her current motion, the Secretary has relied on several cases, the most significant of which appears to be *McDaniels v. Heckler,* 732 F.2d 150 (4th Cir.1984), *affirming* 571 F.Supp. 880 (D.Md.1983). The district court in *McDaniels* recognized that there was no explicit authority granted by Congress to the Secretary to engage in cross-program recovery. Nevertheless the court concluded that notwithstanding provisions of her regulations that the Secretary cited as authority for such practices, the Secretary had "inherent power to seek voluntary cross-program recovery." 571 F.Supp. at 886. The treatment of this issue in the opinion of the United States Court of Appeals for the Fourth Circuit is cursory, and neither the appellate nor the district court discussion reaches the level of careful, thoughtful analysis found in *Ellender.*

Also of concern to us, although not dispositive of the present matter, is the conclusion of the district court in *McDaniels* that the notice utilized was inadequate. As that court stated,

[W]here the program is touted as one which is totally voluntary, notice must, at a minimum, make it clear to the recipient that the decision to repay is voluntary and that no legal process or judicial action will result from refusal to repay. Furthermore, because many of the recipients of these notices are unsophisticated, the Secretary is charged with the duty of making the notice one that is clear and specific. *See Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 15, 98 S.Ct. 1554, 1563, 56 L.Ed.2d 30 (1978). . . .

571 F.Supp. at 886–87. Although the proposed notice in the present matter is an improvement over the one utilized in *McDaniels,* we find nevertheless that clarification and rewording would be needed and that further delay would naturally result.

The briefs submitted in the present matter have accomplished nothing more than demonstrate that the courts are divided on the issue of cross-program recovery. Ab-

sent an express authorization of such recovery from Congress, however, we find that the *Ellender* case was correctly followed by this court in initially rejecting the Secretary's proposal.

IV. Conclusion

In accordance with the foregoing discussion, we adhere to our prior position with regard to cross-program recovery. An appropriate accompanying order shall be filed denying the Secretary's "motion for relief from judgment" and setting an implementation date for the Secretary's procedures.

AND NOW, this 14th day of November, 1984, IT IS ORDERED that defendant Secretary's motion for relief from judgment is DENIED and the Secretary shall implement the procedures addressed in our memorandum and order of July 2, 1984, on or before December 4, 1984.