Helen M. PAGE, on behalf of herself and all others similarly situated, Plaintiff,

v.

Richard F. SCHWEIKER, Secretary of the Dept. of Health and Human Services, Defendant.

Civ.A. No. 82–1338.

United States District Court, M.D. Pennsylvania.

Jan. 28, 1985.

**780**

Paul D. Welch, New Bloomfield, Pa., for plaintiff.

Thomas Dougherty, Gary S. Turetsky, Asst. Regional Atty., Dept. of Health & Human Services, Philadelphia, Pa., Barbara L. Kosik, Asst. U.S. Atty., Harrisburg, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### I. Introduction

Before the court is plaintiff's counsel's motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1] For the reasons discussed hereinafter, we have determined that a fee award is appropriate.[2]

### II. Background

Plaintiff in the current matter, which challenged recoupment procedures utilized in Title XVI SSI cases, has been represented by counsel from Central Pennsylvania Legal Services from the time this action was filed on October 27, 1982. On September 2, 1983, we filed a memorandum and order in which we struck down that two step procedure required of purportedly overpaid SSI beneficiaries before they could have a prerecoupment hearing. Our order directed that the Secretary implement procedures consistent with our conclusions. Most of the filings in this case subsequent to our September 2, 1983, decision have related to implementation matters, particularly cross-program recovery of overpayments. *See* n. 2 *supra*.

### III. The "Substantial Justification" Issue

The attorney fee provision of the EAJA, 28 U.S.C. § 2412(d)(1)(A) mandates a fee award to a qualified "prevailing party" such as plaintiff "unless the court finds

---

1. Although the EAJA expired on October 1, 1984, the current motion is properly filed because the Act continues to be applicable "through final disposition of any action before the date of repeal." Pub.L. 98–481, Section 204(c).

2. A notice of appeal from our memorandum and order of November 14, 1984, 596 F.Supp. 1543, was filed in the United States Court of Appeals for the Third Circuit on January 14, 1985. The appeal deals specifically with the issue of whether overpayments to SSI beneficiaries may be recouped through voluntary cross-program recovery from Title II social security benefits, a question we decided in the negative. Because that appellate issue is unrelated to the merits of this case on which the bulk of time expended by counsel occurred, we need not delay consideration of the current motion for fees.

that the position of the United States was substantially justified or that special circumstances make an award unjust." *See Tressler v. Heckler*, 748 F.2d 146 (3d Cir. 1984); *Natural Resources Defense Council v. United States Environmental Protection Agency*, 703 F.2d 700 (3d Cir.1983). Under 28 U.S.C. § 2412(d)(2)(A)(ii) attorney fees may not exceed an hourly rate of $75.00 per hour unless the court determines that higher amounts are warranted. In order that counsel fees be properly awarded under the EAJA, two conditions must be satisfied. First, one must be a "prevailing party." Second, the court must examine the "substantial justification" issue and find that the government's position was not substantially justified or that under the circumstances an award of attorney fees is unjust. In the present matter, no attack has occurred on plaintiff's status as a prevailing party. Accordingly, the government having conceded that the first prong of the EAJA test has been met, we need examine only the "substantial justification" issue.

We have examined and discussed the "substantial justification" issue at length several times, most notably in our fee decisions in *Renshaw v. Heckler*, 580 F.Supp. 836 (M.D.Pa.1984) and *Kauffman v. Schweiker*, 559 F.Supp. 372 (M.D.Pa.1983). The *Kauffman* case also upheld the propriety of EAJA fee awards to legal service organization counsel, an issue that appears to have been put to rest by numerous cases that have since reached the same conclusion. Reviewing the "substantial justification" issue in *Kauffman*, we noted,

Guidance for determining whether the position of the government was "substantially justified" is found in the legislative history of the EAJA as well as in case law. One of the most thorough analyses is found in *Berman v. Schweiker*, 531 F.Supp. 1149 (N.D.Ill.1982) wherein attorney fees for plaintiff's privately-retained counsel were approved. In examining the standard for an attor-

ney fee award, the court noted that when a non-governmental party prevails, the government has the burden of demonstrating that its position was "substantially justified" even though it lost the case, *Id.* at 1153, and that "[t]he standard falls in between the common law 'bad faith' exception and an automatic award of attorney's fees to prevailing parties." *Id.* at 1154. The House Report described the test as "essentially one of reasonableness" and cautions courts not to conclude that the government's position was not "substantially justified" simply because the government was not the prevailing party or because it cannot show that "its decision to litigate was based on a substantial probability of prevailing." H.Rep. No. 96–1418, *supra*, at 4989–90. *See also* S.Rep. No. 96–253, *supra*, at 7.

*Id.* at 375.[3]

This standard has been reiterated with approval in the more recent *Tressler* case, *supra* at 149–150, in which the court reviewed the three part substantial justification test set forth in *Dougherty v. Lehman*, 711 F.2d 555 (3d Cir.1983). The *Dougherty* court summarized the government's burden to show that its position was "substantially justified," i.e. "had a reasonable basis in law and fact," as requiring that the government must:

First, show that there is a reasonable basis in truth for the facts alleged in the pleadings. If no such basis for the government's factual allegations exist, then the government's position may well be held not to be "substantially justified."

Second, the government must show that there exists a reasonable basis in law for the theory which it propounds. This is not to say that the government need demonstrate that there is a substantial probability that the legal theory advanced by it will succeed. See House

**3.** The complete citations for the House and Senate Reports are H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, *reprinted* in 1980 U.S.Code Cong. & Ad.News 4953 and S.Rep. No. 96–253, 1st Sess. 1 (1979).

Report, *supra*, at 11, 1980 U.S.Code Cong. & Ad.News, at 4490.

Finally, the government must show that the facts alleged will reasonably support the legal theory advanced. [footnote omitted] Thus, having met these requirements, if the government's legal theory, as applied to the facts, reasonably supports the Secretary's position, even though the government may not have ultimately prevailed, then the government will have proven that the "position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

*Id.* at 564.

■ In the present matter, the government has argued that its position was "substantially justified" essentially because the challenged provisions did provide for a pre-recoupment hearing if requested and also because the government reasonably believed that the holding in *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) was not controlling. The government contends that its belief with respect to *Yamasaki* was based on *Yamasaki*'s concern with Title II, the relevant provision of which does not accord the Secretary the discretion afforded under the comparable section of Title XVI. *See* 42 U.S.C. §§ 404(b) and 1383(b)(1). We find that these contentions are insufficient to meet the government's burden, particularly in light of the decision reached not only in *Yamasaki* but in cases interpreting the holding therein.

In attempting to show the justification for her position, the Secretary has also argued in her brief that this court merely "concluded defendant's procedures were cumbersome and could be streamlined to the benefit of SSI recipients." To the contrary, we concluded that the Secretary's procedures violated § 1631(b)(1) of the Social Security Act, 42 U.S.C. § 1383(b)(1) and that the two step procedure required of an SSI beneficiary in order to preserve the right to a hearing was improper. Furthermore, we did not decide that the Secretary's procedures *"could be* streamlined" but rather ordered that they be revised because they were unlawful. In conclusion, we find that ample guidance in case law was available under which the Secretary should have been aware that her position was untenable.

## IV. Amount of Fees

■ As indicated previously, the EAJA limits attorney fees to $75.00 per hour unless the court finds that special circumstances warrant a higher rate. The time breakdown in the current matter involves two legal services attorneys. The first claims 25.51 hours of time expended between October 27 and December 31, 1982, after which time counsel was no longer employed with the legal service office. The second, who is currently plaintiff's counsel, claims 36.30 hours. Thus, 61.81 hours constitute the total amount of time for which compensation is asked. At a rate of $75.00 per hour, the award would be $4635.75. The motion filed in the current matter on August 14, 1984, sought an award of $4014.50[4] plus cost of living increases calculated at 11.9 percent. An increase in the cost of living may justify fees beyond the $75.00 hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

Plaintiff's counsel has provided documentation for the cost of living increase. In addition, counsel has submitted affidavits from two practicing attorneys, one located in the same area (Perry County) as plaintiff's counsel and the other associated with a large Harrisburg law firm. Both attorneys attest to the reasonableness of the $75.00 hourly rate. Moreover, the Perry County attorney has familiarized himself with the specifics of the present case and has opined that only a very limited number of attorneys in the area could or would handle such a matter. Our experience supports this observation.

---

**4.** This amount does not include the 7.75 hours expended by counsel after August 14, 1984, in opposing the Secretary's "motion for relief from judgment." The fee request should have been $4054.50 (54.06 × $75).

The Secretary has not contested the hourly rate requested nor the hours expended. Rather she devoted her brief to the contention that no attorney fees should be awarded because "substantial justification" existed for her position. We have reviewed the file and conclude that plaintiff has shown that the $75.00 hourly rate should be awarded in the present case. Moreover, we have taken into consideration cost of living increases since this case was filed as well as the "special factor" listed in the statute, i.e. "the limited availability of qualified attorneys for the proceedings involved." Plaintiff's current counsel in particular, as we have previously recognized, has demonstrated a high degrees of competence in handling a complicated matter affecting numerous individuals and has consistently met his obligations conscientiously and promptly. Under the circumstances, we shall award an attorney fee of $5000.00.

## V. Conclusion

In accordance with the foregoing discussion, plaintiff's motion for attorney fees under the EAJA is granted in the amount of $5000.00. An appropriate order shall be filed.