786 F.2d 150
 4 Fed.R.Serv.3d 462, 13 Soc.Sec.Rep.Ser. 108
 PAGE, Helen M., on behalf of herself and all others similarly situated
v.
SCHWEIKER, Richard E., Secretary of the Dept. of Health and
Human Services.
Appeal of James J. WEST, the United States Attorney for the
Middle District of Pennsylvania, on Behalf of the
SECRETARY OF HEALTH AND HUMAN SERVICES.
 No. 85-5034.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 10, 1985.
Decided March 14, 1986.
 
 Richard K. Willard, Acting Asst. Atty. Gen., David Dart Queen, U.S. Atty., Barbara L. Kosik, Scranton, Pa., Susan Wakshul, Office of the Gen. Counsel, Baltimore, Md., Robert S. Greenspan, John M. Rogers, (argued), Washington, D.C., for appellant.
 Susan Wood, (argued), Paul D. Welch, New Bloomfield, Pa., for appellee.
 Before HUNTER, GARTH and HIGGINBOTHAM, Circuit Judges.
 OPINION ANNOUNCING THE JUDGMENT OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 This is an appeal from an order of the United States District Court for the Middle District of Pennsylvania denying a motion by the Secretary of Health and Human Services ("Secretary") for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The underlying judgment, in accordance with the district court's determination that the Secretary could not lawfully recoup overpayments of Supplemental Security Income ("SSI") benefits by means of voluntary reductions in Old-Age, Survivors, and Disability Insurance ("OASDI") benefits, ordered that reference to cross-program recoupment be stricken from the Secretary's proposed SSI pre-recoupment procedural guidelines. For the reasons that follow, we will affirm the district court's denial of Rule 60(b) relief from that judgment.
 
 I.
 
 2
 Title XVI of the Social Security Act authorizes the Secretary to recoup overpayments of SSI benefits, and to waive recoupment if the beneficiary is without fault or if equity otherwise requires waiver. 42 U.S.C. Sec. 1383(b) (1982). The Secretary's regulations do not provide for hearings prior to initial waiver determinations, but beneficiaries are entitled to informal hearings upon requests for reconsideration of denials of waivers. See 20 C.F.R. Secs. 416.1413, 416.1415 (1985).
 
 
 3
 In 1982, the Secretary notified plaintiff Helen Page, a recipient of SSI benefits, that she had received an overpayment of $176.83. Page submitted a request for waiver of recoupment, which was denied, and the Secretary notified Page that her SSI benefits would be withheld until the overpayment was recovered. Page unsuccessfully sought reconsideration of the Secretary's refusal to grant a waiver. Page then brought this action in the district court seeking to challenge the lack of pre-recoupment hearings, on behalf of a class of all SSI recipients residing in Pennsylvania who had requested or would in the future request waivers of recoupment of SSI overpayments. The district court did not certify the class, but concluded that the Secretary is obliged to give SSI beneficiaries an opportunity for a hearing before denying them waivers of recoupments. See Page v. Schweiker, 571 F.Supp. 872, 879 (M.D.Pa.1983). The district court ordered the Secretary to submit for its review proposed procedures for implementation of its mandate. Id.
 
 
 4
 Page urged the district court to order that procedures in place for OASDI waiver decisions be adopted for SSI waiver decisions. The OASDI procedures provide, inter alia, for voluntary cross-program recovery. See U.S. Department of Health and Human Services, Program Operation Manual System, Sec. 02270.016(B)(10) (1983). On May 29, 1984, the Secretary submitted a set of proposed procedures that paralleled those used in OASDI cases. The proposal included a provision that persons subject to SSI recoupment receive notice that they might elect to have SSI overpayments withheld from future OASDI benefits.
 
 
 5
 On June 7, 1984, Page presented the district court with objections to the Secretary's proposed procedures. Among these objections was an allegation that cross-program recoupment is unlawful under 42 U.S.C. Sec. 407, which prohibits transfer or assignment of, or levy against, rights under the SSI program. For reasons that do not appear in the record, the Secretary made no response to Page's objections. On July 2, 1984, the district court held that cross-program recoupment is unlawful, and ordered that the pertinent part of the proposed procedural guidelines be stricken. The district court ordered that the procedures, as amended by its decision, be implemented within sixty days. Page v. Schweiker, 587 F.Supp. 55 (M.D.Pa.1984). On August 15, 1984, the Secretary filed a motion for relief from the judgment under Fed.R.Civ.P. 60(b), alleging "mistake" on the part of the district court in holding cross-program recoupment unlawful. The district court denied the motion, noting that the Secretary had waived this objection by failing to raise it prior to judgment and that the motion further delayed implementation of the new recoupment procedures, and reaffirmed its earlier holding that cross-program recoupment is unlawful. Page v. Schweiker, 596 F.Supp. 1543 (M.D.Pa.1984).
 
 II.
 
 6
 The Secretary first contends that the district court should have granted its motion for relief from judgment because Page lacked standing to challenge the cross-program recoupment provision, thus rendering void its judgment that the provision was unlawful. See Fed.R.Civ.P. 60(b)(4); Marshall v. Board of Education, 575 F.2d 417, 422 (3d Cir.1978). Unlike the grant or denial of other motions under Rule 60(b), which may be reversed only for an abuse of discretion, determinations under 60(b)(4) are subject to plenary review. See Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d Cir.1978). The Secretary's motion in the district court, however, was made under 60(b)(1) (providing for relief due to "mistake, inadvertence, surprise or excusable neglect"), not Rule 60(b)(4), and did not advert to the issue of standing. For the reasons that follow, we decline to address that issue on this appeal from the denial of the Secretary's motion.
 
 
 7
 It is well-established that, absent "compelling circumstances," an appellate court will not reverse on grounds raised for the first time on appeal:
 
 
 8
 This prudential policy seeks to insure that litigants have every opportunity to present their evidence in the forum designed to resolve factual disputes. By requiring parties to present all their legal issues to the district court as well, we preserve the hierarchial nature of the federal courts and encourage ultimate settlement before appeal. It also prevents surprise on appeal and gives the appellate court the benefit of the legal analysis of the trial court.
 
 
 9
 Patterson v. Cuyler, 729 F.2d 925, 929 (3d Cir.1984). We find here no compelling circumstances that would warrant departure from this prudential doctrine. Indeed, the Secretary had ample opportunity to raise this issue in the underlying action, in a direct appeal therefrom, or in its Rule 60(b) motion. As we discuss below, even now the Secretary may not be foreclosed from litigating this issue in the district court in the first instance. Sound judicial policy requires that they take that route.
 
 
 10
 Seeking to avoid this result, the Secretary correctly points out that the doctrine of standing is an aspect of the article III limitation of the federal judicial power to "cases" and "controversies." Thus, it goes to the subject matter jurisdiction of the district court and the validity of its judgment ab initio. See Warth v. Seldin, 422 U.S. 490, 498-99, 95 S.Ct. 2197, 2204-05, 45 L.Ed.2d 343 (1975). Because the limited subject matter jurisdiction of the federal courts is so fundamental a concern in our system, the validity of a judgment may be attacked on this ground for the first time on appeal, and "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." See Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934) (footnote omitted); 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure Sec. 3522 (2d ed. 1984). To affirm an order or judgment not within the judicial power of the United States would be as serious a usurpation as issuing such an order in the first instance. That fact, however, does not help the Secretary here. The Secretary appeals from the order denying her Rule 60(b) motion, not from the judgment that she now contends is void. There is no doubt as to the district court's power to issue the order now before us, though--of course--that order may be erroneous. An order is not void merely because it is erroneous. Marshall, 575 F.2d at 422. The Secretary's contention, therefore, stands on no different footing than any other claim of error; absent compelling circumstances it must first be raised in the district court.[1] Because the Secretary's motion in the district court was based entirely on the ground of "mistake," we will limit our review to that issue. See Part III supra.
 
 
 11
 We do not, by so limiting our review, necessarily foreclose the Secretary from challenging the validity of the underlying judgment by a subsequent 60(b) motion, by an independent action, or by collateral attack. Indeed, its validity may even be subject to attack in a proceeding for contempt, as the collateral bar rule that prevents attack on an erroneous judgment does not insulate void judgments. United States v. United Mine Workers, 330 U.S. 258, 289-95, 67 S.Ct. 677, 693-97, 91 L.Ed. 884 (1947). A void judgment remains void until such time jurisdiction is finally determined to exist, and, by virtue of the federal courts' "jurisdiction to determine jurisdiction," is elevated by its "bootstraps" to the status of a valid judgment, see United Mine Workers, 330 U.S. at 292 n. 57, 67 S.Ct. at 695 n. 57; Vecchione v. Wohlgemuth, 426 F.Supp. 1297, 1307-1310 (E.D.Pa.) (describing the "bootstrap" principle), aff'd, 558 F.2d 150 (3d Cir.), cert. denied, 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 (1977), or litigation of the issue is precluded by the doctrine of res judicata. See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940). Because the issue of standing was not presented to the district court, we have no occasion to decide at this time whether jurisdiction existed or whether the issue is foreclosed as res judicata.[2]
 
 III.
 
 12
 The district court's final judgment, ordering the exclusion of cross-program recoupment from the Secretary's proposed procedures, was filed on July 2, 1984. On August 15, 1984, still within the time allowed for taking an appeal, Fed.R.App.P. 4(a), the Secretary filed her Rule 60(b) motion, contending that the district court erred as a matter of law in holding cross-program recoupment illegal. The district court denied relief, first noting that the Secretary had waived this contention by failing to respond when the district court requested briefing prior to final judgment, and also that the motion would further delay implementation of the new procedures mandated by the district court's September 2, 1983 order. Though it did not feel compelled to do so, the district court did go on, "in the interest of putting to rest further disputes," Page v. Schweiker, 596 F.Supp. 1543, 1544 (M.D.Pa.1984), to reject the Secretary's position on the merits. We believe that it was well within the district court's discretion to deny relief on the former grounds, and therefore do not reach the merits of the Secretary's position.
 
 
 13
 We note at the outset that, under well-established principles, Rule 60(b) is not a substitute for an appeal. See Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 911 (3d Cir.1977). Were the rule otherwise, the time limitations on appeal set by Fed.R.App. P. 4(a), and on motions to alter or amend judgments under Fed.R.Civ.P. 59(e), would be vitiated. Accordingly, some courts have held that legal error without more cannot be corrected under Rule 60(b). See, e.g., Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir.) (noting that contrary view would make Rule 60(b) coextensive with Rule 59), cert. denied, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971). Others have held that legal error may be characterized as "mistake" within the meaning of Rule 60(b)(1), but only where the motion is made, as here, within the time allowed for appeal. See, e.g., Barrier v. Beaver, 712 F.2d 231 (6th Cir.1983); International Controls Corp. v. Vesco, 556 F.2d 665 (2d Cir.1977), cert. denied, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). See generally, Note, Relief from Final Judgment Under Rule 60(b)(1) Due to Judicial Errors of Law, 83 Mich.L.Rev. 1571 (1985). This court has yet to decide this issue,[3] and we do not do so now. Regardless of whether it would have been within the district court's discretion to grant relief under 60(b)(1) for legal error, it was certainly no abuse of discretion to deny it under the circumstances presented.
 
 
 14
 In denying Rule 60(b) relief, the district court noted:
 
 
 15
 The Secretary ... had ample opportunity to oppose the modifications suggested by plaintiff and did not do so timely. She now seeks to bring the cross recovery matter to our attention by use of a motion after failing to comply with a briefing schedule set by court order. For us to allow such a practice is to invite repetition of attempted sidestepping of orderly procedure. This we decline to do....
 
 
 16
 ....
 
 
 17
 Under our local rules, the Secretary's failure to file timely opposition may result in her being deemed unopposed to the modifications suggested by plaintiff. Though this stance may seem harsh, it is no more inequitable than permitting a party to do nothing initially and then later assert a position that could have and should have been raised earlier. Certainly we need not examine the merits of the Secretary's position on cross-recovery.
 
 
 18
 596 F.Supp. at 1544.
 
 
 19
 The district court was also concerned with the delay the Secretary's motion entailed. At the time of the November 14, 1984 order denying relief, it noted,
 
 
 20
 this case has dragged on in excess of two years since the complaint was filed on October 27, 1982. After the filing of numerous motions, briefs, and other documents, numbering forty-six in all, on September 2, 1983, we found that the Secretary's procedures for recouping purported overpayments from SSI beneficiaries required revision. Those procedures have yet to be implemented, even though our memorandum and order of July 2, 1984, established the time for implementation as sixty days from the July date. As previously indicated, the Secretary waited until approximately two weeks before she was to implement the revised procedures to file her current motion. Thus, even if this motion was not filed solely as a dilatory tactic, the Secretary nevertheless was well aware that it would further and perhaps improperly delay resolution of this case.
 
 
 21
 596 F.Supp. at 1544.
 
 
 22
 In light of the district court's legitimate concerns about the orderly and expeditious resolution of this case, we cannot say that it was an abuse of discretion to deny the government's Rule 60(b) motion.[4]
 
 CONCLUSION
 
 23
 For the foregoing reasons, the order of the district court will be affirmed.
 
 
 24
 GARTH, Circuit Judge, concurring,
 
 
 25
 I concur with Judge Higginbotham's conclusion that the district court properly denied the Secretary's motion for relief pursuant to Rule 60(b),[1] and that we must affirm. I agree with Judge Higginbotham that the Secretary is not entitled to relief from the district court's remedial order of July 2, 1984 under Rule 60(b)(1), which provides for relief on grounds of "mistake, inadvertence, surprise, or excusable neglect."
 
 
 26
 However, I disagree with Judge Higginbotham's treatment of the issue of Page's standing. I believe, as does Judge Hunter in dissent, that we must reach and resolve the Secretary's argument that Page has no standing to challenge the cross-program recovery provision and that the district court's order deleting this provision is therefore void under Rule 60(b)(4). I would not only reach that argument but I would hold that Page did not lack standing. In my opinion, Page had every right to object to an aspect of the remedy proposed by the Secretary on her behalf. Finally, I would hold that even if the district court had erred in assuming jurisdiction over this question, its order, once final, is only vulnerable to a challenge under Rule 60(b)(4) in the rare instance of a clear usurpation of power.
 
 I.
 
 27
 Plaintiff appellee Helen M. Page originally brought this suit against the Secretary of Health and Human Services to challenge the procedure used by the Social Security Administration (SSA) to recoup overpayments from Supplemental Security Income (SSI) beneficiaries.
 
 
 28
 Section 1631(b)(1) of the Social Security Act, 42 U.S.C. Sec. 1383(b)(1), provides that erroneous overpayments to beneficiaries may be recouped by the government. Page received such overpayments in the amount of $176.83, and on July 21, 1982 she received a notice of overpayment. The Social Security Administration denied Page's request for a waiver of the planned recoupment. On October 27, 1982, Page filed this action in federal district court.
 
 
 29
 Page's complaint sought to require, on behalf of all SSI beneficiaries in Pennsylvania, that the Secretary hold hearings for all SSI recipients subject to recoupment who request that such recoupment be waived. No class was ever certified. On September 2, 1983, the district court held that the Secretary, while not obliged to give SSI beneficiaries an automatic prerecoupment hearing, is obliged to afford beneficiaries the opportunity for such a hearing, and ordered the Secretary to submit proposed procedures for implementation of its decision. Page v. Schweiker, 571 F.Supp. 872, 874-76 (M.D.Pa.1983) (hereinafter Page I).
 
 
 30
 Page urged that the district court order the implementation of the procedures already in place for Title II (Old-Age, Survivors, and Disability Insurance (OASDI) ) waiver decisions. The Secretary informed the district court that she agreed and submitted a copy of the OASDI instructions. The court then ordered the Secretary to submit proposed program instructions for Title XVI (SSI) recoupment by May 25, 1984, and further ordered that responses to these instructions be filed in accordance with the briefing schedule set forth in the local rules for the Middle District of Pennsylvania. See Page v. Heckler, 587 F.Supp. 55, 56 (M.D.Pa.1984) (hereinafter Page II). These rules require that a response be filed within 15 days of receipt of the original pleading, and that a reply, if any, be submitted within ten days of the filing of the response.
 
 
 31
 On May 29, 1984, the Secretary filed her proposed program instructions. These instructions contained the following paragraph:
 
 
 32
 (IF YOU WOULD LIKE, WE CAN WITHHOLD PART OR ALL OF YOUR SSI OVERPAYMENT FROM YOUR SOCIAL SECURITY BENEFITS. THIS WAY OF REPAYMENT IS VOLUNTARY. YOU MAY STOP THE WITHHOLDING AT ANY TIME. YOUR SOCIAL SECURITY BENEFITS WILL NOT BE CHANGED IF YOU DO NOT CHOOSE THIS METHOD OF REPAYMENT. IF YOU WANT US TO WITHHOLD THE OVERPAYMENT FROM YOUR SOCIAL SECURITY BENEFITS, PLEASE GET IN TOUCH WITH US RIGHT AWAY.) [FOOTNOTE OMITTED]
 
 
 33
 See id. at 56-57.
 
 
 34
 On June 7, 1984, Page asked to have the above-quoted paragraph deleted. Page cited Ellender v. Schweiker, 575 F.Supp. 590 (S.D.N.Y.1983) in support of her contention that "[s]uch cross-program recovery is illegal, having been proscribed by Sec. 207(a) of the Social Security Act." App. at 75. The Secretary did not reply to Page's response. On July 2, well after the deadline for the Secretary's reply had passed, the district court entered an order requiring that the Secretary's procedures, as modified, be put into effect within 60 days. The major modification ordered was the deletion of the paragraph dealing with cross-program recoupment.
 
 
 35
 The Secretary did not move to vacate or amend the court's order within ten days, pursuant to Fed.R.Civ.P. 59. Nor did the Secretary take an appeal to this court, as she was free to do within 60 days of the final order of the district court. Fed.R.App.P. 4(a)(1). Instead, on August 15, 1984 the Secretary filed a motion for relief from judgment under Rule 60(b)(1), arguing that the district court had erred in deleting the cross-program recovery provision, and that she was entitled to relief on the ground of mistake.
 
 
 36
 The district court denied the Rule 60(b) motion, finding the Secretary's excuse of a heavy caseload insufficient and expressing concern at the amount of time that had passed since the filing of the complaint. Proceeding to the merits, the court reaffirmed its conclusion that cross-program recovery was illegal, adding that in any case it was unwilling to allow more time to pass while the Secretary redrafted the instructions. Page v. Heckler, 596 F.Supp. 1543, 1544 (M.D.Pa.1984) (hereinafter Page III).
 
 
 37
 On her appeal to this court, in addition to her argument that relief should be granted on the ground of mistake, the Secretary for the first time raises the issue of Page's standing, arguing that her motion should have been granted under Rule 60(b)(4).
 
 II.
 
 38
 I agree with Judge Higginbotham that the district court did not abuse its discretion in denying the motion for relief on the grounds of mistake, inadvertence, or excusable neglect. Fed.R.Civ.P. 60(b)(1).
 
 
 39
 The Secretary does not even argue that her neglect was excusable. The plain fact is that the Secretary failed to respond to Page's objections to her proposed remedy, failed to request an extension of time to do so, failed to file a timely motion to alter or amend the judgment under Rule 59(e), and failed to file a notice of appeal.
 
 
 40
 The Secretary offers no excuse for these failures. Instead, she seeks to avoid their consequences by analogizing the instant case to a default judgment so as benefit from the more lenient rules applicable to relief from such judgments. Yet as she herself admits, this is not a default judgment. The court did not enter a default judgment. The Secretary had defended the case vigorously up to the point when she failed to reply to plaintiff's response. She had ample opportunity to argue her position. The question that the Secretary now claims was wrongly decided was resolved on the merits, and was reconsidered and reaffirmed on the merits as a result of the Secretary's Rule 60(b) motion. Thus, the policy interest in having controversies decided on the merits, which underlies the more relaxed standard used in considering Rule 60(b) motions following default judgments, is inapplicable here.
 
 
 41
 The Secretary argues that her 60(b)(1) motion should have been granted because the July 2, 1984 order which modified the Secretary's instruction by deleting the cross-program recovery review, was legally erroneous. We have consistently held that a motion under Rule 60(b) is not a substitute for appeal. Marshall v. Board of Education, Bergenfield, New Jersey, 575 F.2d 417, 424 (3d Cir.1979); Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 911 (3d Cir.1977); see also Silk v. Sandoval, 435 F.2d 1266 (1st Cir.1971); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2864, at 214-15; 7 J. Moore & J. Lucas, Moore's Federal Practice, para. 60.27, at 60-274 (1985). The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it. See Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 911 (3d Cir.1977); Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir.1977); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir.1975); see also Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir.1979). Some courts, for example, have granted relief for obvious errors of law that are apparent on the record, for errors caused by judicial inadvertence, or under other extraordinary circumstances. See, e.g., Alvestad v. Monsanto Co., 671 F.2d 908, 912 (5th Cir.1982); Fox v. Brewer, 620 F.2d 177 (8th Cir.1980); Silk v. Sandoval, 435 F.2d 1266 (1st Cir.1971); Gila River Ranch, Inc. v. United States, 368 F.2d 354 (9th Cir.1966).[2]
 
 
 42
 Here, there are no special circumstances of any kind. Whatever error may be claimed, it was neither egregious nor inadvertent. The issue of the legality of cross-program recovery is one on which courts have reached opposite conclusions. Compare Ellender v. Schweiker, 575 F.Supp. 590 (S.D.N.Y.1983) with McDaniels v. Heckler, 732 F.2d 150 (4th Cir.1984); see also Philpott v. Essex County Welfare Board, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973); Reed v. Heckler, 756 F.2d 779 (10th Cir.1985). Despite my personal view that cross-program recovery is permissible, I cannot say that the district court committed an obvious error of law, apparent on the record, in deciding to delete that portion of the Secretary's proposed instruction that dealt with cross-program recovery. Certainly, the district court did not abuse its discretion in refusing to amend its earlier order 45 days after the entry of judgment.
 
 III.
 
 43
 On appeal from the denial of her motion for relief, the Secretary contends for the first time that Page lacked standing to object to the Secretary's inclusion of the cross-program recovery provision in the proposed remedy. The Secretary asserts that because standing is a jurisdictional requirement, it can be raised at any time, and that lack of standing necessarily renders void the July 2, 1984 order of the district court.
 
 
 44
 If the order of the district court is void, then we must vacate it, regardless of whether or not the issue was raised below, for "[t]he void judgment creates no binding obligation upon the parties, or their privies. It is legally ineffective." 7 Moore's Federal Practice para. 60.25, at 60-223 (1985); see also Honneus v. Donovan, 691 F.2d 1 (1st Cir.1982); Lubben v. Selective Service System, 453 F.2d 645 (1st Cir.1972); C. Wright & A. Miller, Federal Practice and Procedure: Civil Sec. 2862, at 197 (1973). For this reason, I disagree with Judge Higginbotham's conclusion that we need not reach the merits of the Secretary's argument that the judgment is void. Indeed, we must not only address the issue of standing that has been explicitly raised by the Secretary, but in my opinion we must also reach the related question, alluded to by the Secretary and addressed by Page, of whether the district court's order is void because that court exceeded the scope of its remedial powers.
 
 
 45
 I believe that this case does not present a standing issue. However, even conceding, for the sake of argument, that Page lacked standing to object to the cross-program recovery provision, the judgment of the district court is not necessarily rendered void. Nor would the judgment necessarily be void if the district court had exceeded the scope of its remedial power. Only if its order was a "plain usurpation of power" would its judgment be void. 7 Moore's Federal Practice para. 60.25, at 60-227. Such is not the case here.
 
 A.
 
 46
 This appeal does not present a standing issue because it does not deal with a challenge by Page to a cross-program recoupment provision. That provision was introduced into the case by the Secretary, who included it as part of her proposed procedures for recoupment of SSI overpayments. The claims raised by Page had already been resolved in her favor, and the district court was in the process of fashioning a remedy with the assistance of the parties. During this phase of a lawsuit, the plaintiff must have a right to comment on, and to object to, any aspect of the proposed remedy, as does the defendant. Page here did no more. Since the Secretary is obviously not limited by considerations of standing when she makes her remedial proposals, it is equally obvious that Page cannot be so limited in objecting to those proposals. The mere statement of the proposition that Page should be barred from objecting to an aspect of the remedy proposed on her behalf reveals its absurdity. It is even more of an absurdity when that remedy is proposed by the Secretary, Page's adversary.
 
 
 47
 Thus, this case does not involve a question of standing. Rather, what is involved is no more than a question of the remedial powers of the court. See, e.g., Sansom Committee by Cook v. Lynn, 735 F.2d 1535 (3d Cir.1984). Given that the proposed instructions contained a provision that the district court thought to be contrary to law, I cannot say that the district court acted unreasonably in ordering that provision deleted. Indeed, the court could have done so on its own motion.
 
 B.
 
 48
 Whether we take the Secretary's contention to be that the district court's order is void for lack of standing or whether we take her contention to be that the order is void because the district court exceeded the bounds of its remedial jurisdiction in issuing that order makes little difference: neither contention can withstand scrutiny. Although the order which was entered may be erroneous, it certainly is not void.
 
 
 49
 In a series of cases decided between 1938 and 1940, the Supreme Court cut back sharply on the traditional doctrine that a judgment entered without jurisdiction over the subject matter is void. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Treines v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); cf. Note, Filling the Void: Judicial Power and Jurisdictional Attacks on Judgments, 87 Yale L.J. 164 (1977).
 
 
 50
 It is now hornbook law that the concept of void judgment is narrowly restricted. 7 Moore's Federal Practice para. 60.25, at 60-225. According to Moore's, there are two requisites for a valid judgment: jurisdiction over the subject matter and jurisdiction over the parties.
 
 
 51
 By jurisdiction over the subject matter the cases mean that the court must have jurisdiction or power to deal with the class of cases in which it renders judgment. A federal district court ... normally has jurisdiction to determine its jurisdiction over the subject matter whenever it is possessed of the requisite jurisdiction over the parties or res that is warranted by the type of judgment rendered, and its decision is not subject to collateral attack. While 'a court does not have the power, by judicial fiat, to extend its jurisdiction over matters beyond the scope of the authority granted to it by its creators' there 'must be admitted, however, a power to interpret the language of the jurisdictional instrument and its application to an issue before the court.' If, however, the court's action involves a plain usurpation of power, the court's judgment is void
 
 
 52
 * * *
 
 
 53
 Id. at 60-226 (quoting Stoll v. Gottlieb, 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938) (footnote omitted). See also C. Wright & A. Miller, Federal Practice and Procedure, Sec. 2862, at 201 (1973). As the First Circuit has stated, "while absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction ... Only in the rare instance of a clear usurpation of power will a judgment be void." Lubben v. Selective Service System, 453 F.2d 645, 649 (1st Cir.1972).
 
 
 54
 The Supreme Court has specifically rejected both the claims of voidness due to lack of standing and the claim of voidness due to overbreadth of the remedy. Standing is a jurisdictional requirement because the Constitution gives the federal courts power only to adjudicate cases or controversies. In Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587 (1928), the defendant had urged the Court to vacate a consent decree on the grounds that when the decree was entered "there was no case or controversy within the meaning of Sec. 2 of Article III of the Constitution." Id. at 325, 48 S.Ct. at 314. Justice Brandeis responded that "the objection is one which is not open upon a motion to vacate. The court had jurisdiction of the general subject matter--enforcement of the Anti-Trust Act--and of the parties. If it erred in deciding that there was a case or controversy, the error is one which could have been corrected only by an appeal or by a bill of review." Id. at 326, 48 S.Ct. at 314.
 
 
 55
 The First Circuit followed Swift in a case in which the defendants moved to vacate a consent decree on the grounds that the plaintiffs had lacked standing and that the district court therefore did not have jurisdiction to enter a decree. Coalition of Black Leadership v. Cianci, 570 F.2d 12 (1st Cir.1978). Relying on Swift and on Lubben, the court rejected defendants' argument. See also Sansom Committee v. Lynn, 735 F.2d at 1548 n. 1 (Garth, J., dissenting).[3]
 
 
 56
 In Swift & Co. v. United States, the Supreme Court also addressed the question of whether an injunctive decree which goes beyond the remedial power of the court can be attacked on a motion to vacate. The defendant contended that the decree was void because it prohibited transactions that were purely intrastate, and that "the prohibition of intrastate transactions was an overstepping of federal powers which renders the decree a nullity." Swift, 276 U.S. at 330, 48 S.Ct. at 316. Justice Brandeis answered, "Again, the argument fails to distinguish an error in decision from the want of power to decide ... If the court, in addition to enjoining acts that were admittedly interstate, enjoined some that were wholly intrastate ..., it erred; ... But the error, if any, does not go to the jurisdiction of the court. The power to enjoin includes the power to enjoin too much." Id. at 330-31, 48 S.Ct. at 316.
 
 
 57
 The Supreme Court has applied the same doctrine in other contexts. In Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), for example, the Court rejected a collateral attack on the power of a district court under the Bankruptcy Act, stating that "[w]e see no reason why a court, in the absence of an allegation of fraud in obtaining the judgment, should examine again the question whether the court making the earlier determination on an actual contest of jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation." Id. at 172, 59 S.Ct. at 137.
 
 
 58
 Numerous recent decisions have applied the "clear usurpation of power" standard to various aspects of subject matter jurisdiction, and have rejected challenges under Rule 60(b)(4) even though it was conceded that the court that issued the order may have lacked jurisdiction. For example, in Honneus v. Donovan, 691 F.2d 1 (1st Cir.1982), the First Circuit affirmed the district court's denial of a motion to vacate because of the erroneous assumption of diversity jurisdiction.[4] In Ben Sager Chemicals International, Inc. v. Targosz, 560 F.2d 805 (7th Cir.1977), the Seventh Circuit affirmed the denial of a motion to vacate where the case was improperly removed from state court. In Kansas City Southern Railway Co. v. Great Lakes Carbon Corporation, 624 F.2d 822 (8th Cir.1980), the Eighth Circuit, sitting en banc, affirmed the district court's denial of a Rule 60(b)(4) motion where the district court had erred in failing to join the United States as a party as required by the statute governing review of Interstate Commerce Commission orders.[5] And in United States v. Fidanian, 465 F.2d 755 (5th Cir.1972), cert. denied, 409 U.S. 1044, 93 S.Ct. 540, 34 L.Ed.2d 494 (1972), the court rejected a challenge to a criminal contempt judgment where the defendant alleged that the government was mistaken regarding the facts necessary to establish jurisdiction under the Fair Labor Standards Act.[6]
 
 
 59
 In the instant case, the district court simply refused to include a legally questionable paragraph in the remedy proposed by the Secretary. Its action was certainly not a "clear usurpation of power." Therefore, even if Page did lack standing to bring the cross-program recovery provision to the attention of the court, which I do not believe to be the case, the district court's order which deleted that provision cannot be deemed void, but merely erroneous. Moreover, even if the district court did exceed its remedial power in ordering the Secretary to delete the challenged provision--an action that would have been subject to appellate review for abuse of discretion--that order would not be void, but merely subject to reversal.
 
 
 60
 Thus, I agree with Judge Higginbotham that the order of the district court which denied the Secretary's motion for relief must be affirmed. In affirming that judgment, however, I would have disposed of the Secretary's "standing" argument so that no uncertainty would exist as to this court's holding.
 
 HUNTER, Circuit Judge, dissenting:
 
 61
 Despite my respect for both Judge Higginbotham's and Judge Garth's thoughtful opinions, I dissent because I believe that they not only should have reached the merits of the standing issue raised by the Secretary of Health and Human Services (the "Secretary"), but also should have concluded that Helen Page lacked standing to challenge the cross-program recoupment provision.
 
 
 62
 In determining that this court should not decide the standing issue, Judge Higginbotham emphasizes that the Secretary appeals from the district court's order denying her motion under Federal Rule of Civil Procedure 60(b) rather than from the judgment of the district court declaring cross-program recoupment unlawful. This fact, however, does not preclude our ability to review whether the district court had the power to render the judgment in the first instance. The rule that an appeal from the denial of a Rule 60(b) motion raises for review only the denial itself and not the underlying judgment of the district court is inapplicable to the determination whether a district court lacks jurisdiction to render the underlying judgment. See V.T.A., Inc. v. Arco, Inc., 597 F.2d 220, 224 (10th Cir.1979); see also McLearn v. Cowen & Co., 660 F.2d 845, 848-49 (2d Cir.1981) (Lumbard, J. with one judge concurring). This exception for jurisdictional inquiries applies here because the concept of standing is rooted in the power of a federal court to exercise jurisdiction under Article III of the Constitution. See, e.g., Allen v. Wright, 468 U.S. 766, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984); Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975).
 
 
 63
 Our ability to review whether Page had standing is not limited by the Secretary's failure to raise the standing issue before the district court. Defects of subject matter jurisdiction may properly be raised for the first time on appeal. See, e.g., Trent Realty Associates v. First Federal Savings & Loan Association, 657 F.2d 29, 31 (3d Cir.1981). Accordingly, this court has the responsibility to review whether the district court had jurisdiction to render its judgment declaring cross-program recoupment unlawful. See, e.g., Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934).
 
 
 64
 I agree with the Secretary that Page lacked standing to challenge the cross-program recovery provision. "Injury in fact" is an essential component of standing, and "the party seeking review [must] be himself among the injured." Sierra Club v. Morton, 405 U.S. 727, 735, 92 S.Ct. 1361, 1366, 31 L.Ed.2d 636 (1972). Here, Page, the sole plaintiff, has never alleged that she would be affected by the cross-program recoupment, and the record clearly shows that in her case recoupment was sought from SSI benefits. Page therefore cannot meet the "injury in fact" requirement. Page argues that standing is a question of a plaintiff's power to invoke a court's jurisdiction "originally," and is not relevant where a plaintiff raises new issues at the remedial phase of a lawsuit. I find no merit in this argument. A plaintiff who challenges a government policy must have standing to make that claim, regardless of when it is raised. See Blum v. Yaretsky, 457 U.S. 991, 999-1001, 102 S.Ct. 2777, 2783, 73 L.Ed.2d 534 (1982) (although plaintiffs had standing to make claims originally included in their complaint, they did not have standing to assert additional claims raised later in litigation).
 
 
 65
 Because Page lacked standing to challenge the cross program recoupment provision, the district court's judgment invalidating that provision is void for lack of subject matter jurisdiction. Relief from a void judgment may be granted under Rule 60(b).[1] See, e.g., Marshall v. Board of Education, 575 F.2d 417, 422 (3d Cir.1978) ("A judgment may ... be void, and therefore subject to relief under ... [Rule 60(b) ], if the court that rendered it lacked jurisdiction of the subject matter...."). Such relief may be granted even if the party who made the Rule 60 motion failed to bring the motion on the ground that the judgment was void. See McLearn, 660 F.2d at 848-49. I would therefore vacate the district court's order denying the Secretary's Rule 60(b) motion and would remand with a direction that the motion be granted.
 
 
 
 [1]
 Cf. McCandless v. Furlaud, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202 (1934). McCandless was a suit for damages brought by the ancillary receiver of an insolvent corporation against defendant corporate fiduciaries. Judgment was rendered in favor of McCandless. Defendants contended for the first time on appeal that the appointment of the ancillary receiver, in a collateral proceeding, was void for want of jurisdiction. The Court of Appeals vacated the judgment on that ground. The Supreme Court reversed and remanded. Justice Brandeis, for a unanimous Court, wrote:
 The rule that a federal appellate court must, of its own motion, dismiss the suit if it appears that the trial court was without jurisdiction, is not applicable to the situation presented here. In the case at bar, the District Court confessedly had jurisdiction of the subject matter and of the parties. The objection sustained [by the Court of Appeals] goes not to the jurisdiction of the District Court in this suit, but to the legal capacity of the plaintiff as ancillary receiver.
 293 U.S. at 75, 55 S.Ct. at 45 (citations omitted). See also Mitchell v. Mauer, 293 U.S. at 244 n. 4, 55 S.Ct. at 164 n. 4 ("The order appointing ancillary receivers attacked in McCandless v. Furlaud ... on the ground that the court was without federal jurisdiction, had been entered, not in the suit there under review, but in a separate proceeding in the same court.").
 We recognize that the judgment attacked here is not from a separate proceeding, but we think McCandless implies that an appellate court ought not to entertain, in the first instance, jurisdictional attacks on a judgment or order other than the one before the court on appeal.
 
 
 [2]
 In Judge Garth's view, "the district court simply refused to include a legally questionable paragraph in the remedy proposed by the Secretary," and therefore no question of standing or of validity of the judgment is presented. I do not agree with this characterization of the case. Although the district court did not issue a declaratory judgment that cross-program recoupment is illegal, it issued two published opinions accompanying its orders to delete so holding. See Page v. Schweiker, 587 F.Supp. 55 (M.D.Pa.1984); Page v. Schweiker, 596 F.Supp. 1543 (M.D.Pa.1984). Clearly the district judge believed he was doing more than omitting a "legally questionable" provision, and I do not think his actions can be so characterized post hoc. Because the legality of this provision was, arguably, not part of the justiciable case and controversy before Judge Caldwell, at least a colorable argument can be made (under the rubric of "standing") that his opinions were advisory and therefore outside his Article III powers. For the reasons stated above, I do not reach the merits of this issue
 
 
 [3]
 In Martinez-McBean, 562 F.2d at 912, we held that legal error does not justify the granting of motions under Rule 60(b)(6), which provides for relief for "any other reason justifying relief from the operation of the judgment." We did not reach the Rule 60(b)(1) question, as the motion was made not only outside the time permitted for appeal, but also beyond the one year permitted for all 60(b)(1) motions
 
 
 [4]
 I agree entirely with Judge Garth that the more relaxed standard used in considering Rule 60(b) motions following default judgments is inapplicable here
 
 
 [1]
 In relevant part, Rule 60(b) provides as follows:
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken...
 
 
 [2]
 This court has indicated that it may view more favorably a motion for relief that is filed within thirty days of the order appealed from. See Sleek v. J.C. Penney Co., 292 F.2d 256, 257 (3d Cir.1961); see also Security Mutual Casualty Co. v. Century Casualty Co., 621 F.2d 1062 (10th Cir.1980); Fox v. Brewer, 620 F.2d 177 (8th Cir.1980)
 
 
 [3]
 Swift was also followed by the Eighth Circuit in a case remarkably similar to the instant case. Walling v. Miller, 138 F.2d 629 (8th Cir.1943). In a suit brought by the Administrator of the Wage and Hour Division of the Department of Labor, the district court had entered a consent decree requiring, inter alia, that the defendants pay back wages to their employees. On a subsequent motion to vacate the decree, the defendants argued that the Fair Labor Standards Act did not authorize the Administrator to maintain a suit for restitution of wages, and that the court therefore lacked jurisdiction to grant this remedy. As in the instant case, the defendant argued that the Administrator lacked standing and that the court had exceeded its power. Citing Swift, Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938), Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), and General Investment Co. v. New York Central R.R., 271 U.S. 228, 46 S.Ct. 496, 70 L.Ed. 920 (1926), the Eighth Circuit refused to order that the decree be vacated, stating that "[s]uch a judgment is not void, even though there be gross error in the decree." Walling v. Miller, 138 F.2d at 632
 
 
 [4]
 It should be recognized that on direct appeal as distinct from a motion to vacate under Rule 60(b)(4), the result would be different. See Rubin v. Buckman, 727 F.2d 71 (3d Cir.1984), reversing the judgment of the district court where diversity jurisdiction was lacking
 
 
 [5]
 See also Lubben v. Selective Service System, 453 F.2d 645 (1st Cir.1972) (holding that misinterpretation of jurisdictional requirements of statute do not make district court's order void or vulnerable to attack under Rule 60(b)(4))
 
 
 [6]
 A few cases have treated a jurisdictional defect as rendering a judgment void. McLearn v. Cowen, 660 F.2d 845 (2d Cir.1981) (per Lumbard, Senior Circuit Judge, with one judge concurring in result); Compton v. Alton Steamship Co., 608 F.2d 96 (4th Cir.1979); Jordon v. Gilligan, 500 F.2d 701 (6th Cir.1974), cert. denied, 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975). However, none of these cases discusses the governing Supreme Court cases or the general rule described in Moore's. Only Jordon v. Gilligan even cites any of the cases reaching contrary results, and Jordon chooses to ignore the discrepancy. In McLearn, only Judge Lumbard took the position that the judgment was void; the concurring opinions of Lasker and Meskill, JJ., rejected the opinion of the court on this point. The Compton court's holding does not rest solely on Rule 60(b)(1), but also on 670(b)(6). That court noted that if the judgment in that case were not null and void, serious due process questions would arise. Given that the judgment was, in the words of the court, "unconscionable," Compton, 608 F.2d at 101, it may well have been void as a clear usurpation of power. The court did not, however, apply this standard
 Marshall v. Board of Education, 575 F.2d 417 (3d Cir.1978), cited by the Secretary, does not help her cause. Although this court there stated that "a judgment may indeed be void, and therefore subject to relief under [Rule] 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties," id. at 422 (emphasis added), the holding of Marshall supports Page's position and is directly contrary to that of the Secretary. Following Chicot County Drainage District, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329, one of the three landmark cases cutting back on the voidness doctrine, and Lubben v. Selective Service System Local Board No. 27, 453 F.2d 645 (1st Cir.1972), this court held that a subsequent change in constitutional law does not render void a judgment based on prior law.
 
 
 [1]
 Unlike Judge Garth, I do not believe that the Supreme Court's decision in Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587 (1938), mandates holding that a judgment cannot be considered void for the purposes of Rule 60(b) where the reason for the challenge to the judgment is a party's lack of standing. Although language in the Swift opinion may be said to implicate the law of standing, the Swift Court did not directly rule on a standing issue. In light of the Supreme Court's recent statements concerning the importance of the doctrine of standing and its role in the Constitution's separation of powers, see e.g., Allen v. Wright, 468 U.S. 766, 104 S.Ct. 3315, 3324-25, 82 L.Ed.2d 556 (1984), I do not deem it appropriate to apply the broad language of Swift to the present case