

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# In Re Fonner

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4189

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"In Re Fonner " (2002). *2002 Decisions.* Paper 627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-4189
_____


IN RE: ROBERT L. FONNER and
SHARON L. FONNER
Debtors


ROBERT L. FONNER; SHARON L. FONNER

v.

DAVID H. OVERDORF, Administrator Of The Estate of Kristen
Overdorf, Deceased; EDWARD J. BALZARINI, JR.; BALZARINI & WATSON


Sharon L. Fonner,
Appellant
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 01-cv-01278
District Judge:  The Honorable Gary L. Lancaster
_____


Submitted Under Third Circuit LAR 34.1(a)
September 26, 2002
_____


Before: BARRY, AMBRO, and GARTH, Circuit Judges

(Opinion Filed: September 30, 2002)
_____


OPINION
_____

BARRY, Circuit Judge

     Sharon L. Fonner appeals from the District Court's October 9, 2001 order affirming the May 22, 2001 order of the Bankruptcy Court reopening her bankruptcy case and finding that she had assigned certain rights to appellee, the Estate of Kristen Overdorf ("Estate").  Because the District Court sits as an appellate court in bankruptcy cases, our review of its decision is plenary.  Cinicola v. Scharffenberger, 248 F.3d 110, 115 n.1 (3d Cir. 2001).  In turn, we review the Bankruptcy Court's factual findings for clear error, and exercise plenary review over its conclusions of law.  In re: New Valley Corporation, 181 F.3d 517, 522 (3d Cir. 1999).  The District Court had jurisdiction to review the Bankruptcy Court's order under 28 U.S.C.  158(a).  Our jurisdiction is proper pursuant to 28 U.S.C.  1291.  We will affirm.


                         I.
     The facts surrounding this appeal are well known to the parties, and have been detailed extensively in the Memorandum Opinion of the Bankruptcy Court and in Overdorf v. Fonner, 748 A.2d 682, 683-84 (Pa. Super. 2000), of which the Bankruptcy Court took judicial notice.  We briefly review them here.
     In April, 1991, Fonner was driving a car that struck and killed Kristen Overdorf, who was riding a bicycle.  Fonner's husband, joint debtor Robert Fonner, had rented the

car from Tomsic Motor Company. The Fonners had personal automobile insurance coverage from Travelers Insurance Company, and excess coverage was available through Tomsic's insurers, Allstate Insurance Company and Motorists Mutual Insurance Company.

After some maneuvering by the insurance companies, Overdorf's administrator rejected an offer by Travelers and commenced an action in Pennsylvania state court against the Fonners, Tomsic Motors, and others. While this action was ongoing, the Fonners filed a voluntary chapter 7 bankruptcy petition in October, 1995, which stayed the action as to them. In none of the Fonner's chapter 7 filings, however, did reference to the Overdorfs or the lawsuit appear. Thus, the Estate was not then notified of the bankruptcy filing.

In December, 1995, the Fonners added the Estate to the list of creditors, and in January, 1996, the Estate entered an appearance and requested copies of all notices pertaining to the bankruptcy proceedings. On February 23, 1996, the Fonners were granted a general discharge and were released from all dischargeable debts. The bankruptcy case was closed on February 28, 1996.

The next day, the Estate moved to reopen the case to allow it to seek a modification of the discharge order, with an accompanying motion for modification. Ms. Fonner did not object and, according the Bankruptcy Court, "appeared amenable to the entry of any order which enabled her to receive a discharge while agreeing to any procedure which allowed Overdorf's estate to pursue applicable insurance coverage." A.10.

The Bankruptcy Court heard argument on the motion on April 1, 1996, and entered a modified consent order reopening the case. After Fonner moved to amend the relevant schedule to list the Estate's claim, the Bankruptcy Court entered an order on May 14, 1996 modifying the February discharge order, and the case was again closed on June 27, 1996.

The state court action against Fonner proceeded to trial, and resulted in a judgment against her and in favor of the Estate in the amount of $862,500. Delay damages were awarded by the trial court in the amount of $377,140.59. Interest was added, yielding a total judgment of $1,239,640.59, entered in July of 1999.

In late 2000, the Estate apparently contacted Fonner to request an assignment of her rights against the insurance companies. In February, 2001, Fonner refused. On February 23, 2001, in response to what she perceived as threats from the Estate to commence an action in another jurisdiction to seize Fonner's personal assets to satisfy the state court judgment, Fonner brought an emergency motion to reopen the bankruptcy case and enjoin the Estate from enforcing or collecting on the judgment. The Estate responded by moving to again modify the May, 1996 discharge order to clarify that Fonner had in fact assigned to the Estate the rights in question. The Estate argued that Fonner's refusal in 2001 to do so violated the modified discharge order. By order dated May 22, 2001, the Bankruptcy Court reopened the case, denied the injunction, and granted the Estate its requested relief under Fed. R. Civ. Proc. 60(b)(6).

Fonner timely appealed that order to the District Court, which adopted the Bankruptcy Court's memorandum opinion and affirmed its May 22, 2001 order on October 9, 2001. Fonner timely appealed to this Court.

## II.

Fonner argues that the District Court erred in affirming the Bankruptcy Court's order granting the Estate relief under Rule 60(b)(6) and "compelling" the assignment of Fonner's bad faith claims against her insurance carriers to the Estate. Both arguments turn on the Bankruptcy Court's conclusion that the May 14, 1996 order was both (1) an assignment by Fonner to the Estate of any rights she had against Travelers and / or Motorists Mutual and (2) an authorization by Fonner to the Estate to pursue legal proceedings against the insurance companies to enforce those rights.

The Estate argues that this was a factual finding entitled to considerable deference and to be overturned only if clearly erroneous, citing John F. Harkins Co., Inc. v. Waldinger Corp., 769 F.2d 657 (3d Cir. 1986). Fonner argues that the Bankruptcy Court's decision to grant relief under Rule 60(b)(6) is reviewed for abuse of discretion. This is the correct standard. See Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986) ("[T]he grant or denial of . . . motions under Rule 60(b) [other than (b)(4)]. . . may be

reversed only for an abuse of discretion").

A.

Fonner argues, first, that relief under Rule 60(b)(6) was improperly granted because a "change in the law" or, in the alternative, what the Bankruptcy Court saw as the inequitable consequences for the Estate were not grounds justifying relief. Fonner suggests, with reference to the former, that the Court ruled as it did to avoid the impact of Brown v. Candelora, 708 A.2d 104 (Pa. Super. 1998), a state case decided after the initial modified discharge order but before the current litigation. The Bankruptcy Court, however, explicitly stated that Candelora was not a change in the law, and that it was not the basis for its decision. Thus, a significant portion of Fonner's argument on appeal, i.e. that portion that attacks the propriety of a change in the law justifying Rule 60(b)(6) relief, is simply inapposite.

It is clear from the Bankruptcy Court's opinion that the primary ground for its ruling was the extreme hardship that would result to the Estate absent a clarification of the discharge order. Accordingly, much of the case law cited by both parties is unhelpful, as the cases focus on whether a change in the law is an extraordinary circumstance justifying relief under Rule 60(b)(6). See, e.g., Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519 (6th Cir.), cert. denied sub nom. Blue Diamond Coal Co. v. Barnhart, 122 S. Ct. 643 (2001); Cincinnati Ins. Co. v. Flanders Elec. Motor Svc., Inc., 131 F.3d 625, 630 (7th Cir. 1997); Wilson v. Fenton, 684 F.2d 249 (3d Cir. 1982). Moreover, these cases belie Fonner's assertion that economic harm can never justify relief: in Cincinnati Ins. Co., for instance, the Seventh Circuit found only that the district court did not abuse its discretion in ruling that the party in question had not made the requisite "compelling showing of [sufficient] hardship and unfairness" to warrant 60(b)(6) relief. 131 F.3d at 630. Here, the Bankruptcy Court concluded that the Estate had made such a showing. It explicitly found that refusing to reopen the case and modify the discharge order would work an "extreme injustice" upon the Estate by inequitably depriving the Estate of substantial damages. Any benefit of denying the Estate's motion would only redound to the insurance companies involved; granting the relief, it found, was "appropriate to accomplish justice." A.17 (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949) (noting appropriate use of Rule 60(b)(6) to "accomplish justice")). The Court expressly rejected the "change in law" rationale, and expressly found the "extraordinary circumstances" necessary under Rule 60(b)(6). We cannot say that, in granting relief, the Court abused its discretion.

Similarly unavailing is Fonner's challenge to the Bankruptcy Court's finding that the modified discharge order was an implicit assignment by her of her bad faith claims against her insurance carriers to the Estate. After extensive briefing and oral argument on the motion to amend the discharge order, the Bankruptcy Court explicitly found that the parties' intent was to assign all rights, and that this intent was reflected in the breadth of the language of the discharge order. The Court was well within its rights to make the finding that it did, and we will not overturn it.

B.

Fonner also argues that the Bankruptcy Court contravened existing law (state and federal) in "compelling" her to assign her rights against the insurance companies to the Estate and that the District Court erred in affirming the Bankruptcy Court's May 22, 2001 order, with its factual finding that the intent of the parties to assign was reflected in the modified discharge order. It is that factual finding which, at bottom, we review and not any issue of state law or the effect of the finding on any state court much less whether state law was "contravened." Viewing the record as a whole, see Harkins Co., 769 F.2d at 662, we cannot say that that finding was clearly in error.

We also reject Fonner's argument that the May 22, 2001 order contravened federal law, i.e., the Bankruptcy Code itself, by "conditioning" the discharge of Fonner's liability on her assignment of her rights as against the insurance companies. The order does no such thing.

Fonner claims that the Bankruptcy Court "expressly held that its new discharge order constituted an assignment of Appellant's rights against the insurance carriers as quid pro quo for her discharge." Appellant's Opening Brief at 27 (first emphasis added). She then quotes the Bankruptcy Court's opinion:

> In return for receiving a discharge of her debt to Overdorf's estate, [Appellant] became obligated in the first modification to do whatever was required to enable [Appellee] to collect any favorable judgment from any applicable liability insurance, including assigning to [Appellee] any rights she may have against her insurers.

Id. (quoting A.18). But it is entirely clear, when viewed in context, that the Bankruptcy Court was saying something different from that which Fonner alleges. The Court was not holding that her discharge would be in exchange for any assignment, as is suggested by Fonner's discussion of the Court's "new discharge order." Rather, the Court was describing what the parties had intended to happen, and what had happened, upon that discharge.

We reject as well Fonner's contention that the Bankruptcy Court has compelled her to assign her rights against the insurance companies. It did not. Regardless of her intent at this point in time, the May 2001 order interprets the modified discharge order, expressing a finding of fact as to her intent then. The order interprets but does not "compel," and we do not find error.

### III.

We will affirm the District Court's order of October 9, 2001.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge