Timothy BOOTH, Appellant,

v.

CHURNER, C.O.; Workensher, Sgt.; Rikus, Lt.; W. Gardner, Capt.

No. 01–3430.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 27, 2003.

Decided June 4, 2003.

Before NYGAARD, STAPLETON and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Timothy Booth, a Pennsylvania inmate, appeals from the denial of his "Motion to Vacate Judgment." For the reasons that follow, we will vacate the District Court's order and remand for further proceedings.

I.

On April 21 1997, while incarcerated at SCI–Smithfield, Booth commenced this action under 42 U.S.C. § 1983 by filing a *pro se* Complaint in the United States District

Court for the Middle District of Pennsylvania. We have previously set forth the factual allegations of the Complaint in detail. *See Booth v. Churner,* 206 F.3d 289, 291–92 (3d Cir.2000). To summarize, Booth alleged that in 1996 and early 1997, the named defendants violated his Eighth Amendment rights by assaulting him, bruising his wrists in tightening and twisting handcuffs placed upon him, throwing cleaning material in his face, and denying him medical attention to treat ensuing injuries. Booth sought injunctive relief, primarily in the form of an order directing that he be transferred from SCI–Smithfield, and compensatory damages. *See id.* at 292. Prior to filing suit, Booth had filed an administrative grievance with the prison raising at least some of his allegations, but he did not go beyond the first step in the grievance process and never sought intermediate or final administrative review after his initial grievance was denied.

The District Court dismissed the Complaint without prejudice due to the failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), which provides that "[n]o [§ 1983 prisoner] action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." This Court affirmed, *Booth v. Churner,* 206 F.3d 289 (3d Cir.2000), as did the Supreme Court, which agreed with our assessment that a prisoner must exhaust administrative remedies on damages claims even if damages are not a form of relief offered by the prison. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Less than three months after the Supreme Court issued its *Booth* decision, Booth returned to the District Court and filed a *pro se* pleading on August 13, 2001, titled "Motion to Vacate Judgment." Booth ostensibly sought relief pursuant to Federal Rule of Civil Procedure 59(e) and moved to vacate the dismissal of his Complaint on the ground that he had now exhausted administrative remedies. Booth claimed that he filed an intermediate-level grievance with the Superintendent of SCI–Smithfield (the grievance was allegedly "disregarded"), and filed a final-level grievance with the Chief Hearing Examiner at Camphill Central Office (this grievance was also allegedly "disregarded"). Booth thus sought to proceed with his § 1983 claims.

On August 20, 2001, the District Court denied Booth's motion. The District Court viewed the motion strictly as seeking reconsideration pursuant to Rule 59(e), and it held that the motion was untimely filed because it was submitted more than ten days after entry of its May 30, 1997, judgment dismissing the Complaint. Booth timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The District Court was certainly correct that Booth's "Motion to Vacate Judgment" was untimely insofar as it was premised upon Rule 59(e). A motion for reconsideration "shall be filed no later than 10 days after entry of the judgment," Fed.R.Civ.P. 59(e), and Booth's filing was submitted well after that deadline had expired.

■ We must be mindful, however, that Booth is before the court as a *pro se* prisoner. As such, his "Motion to Vacate Judgment" was entitled to a liberal construction, meaning the District Court had a special obligation to discern both the nature of the relief Booth sought and the appropriate law to govern his request. *See, e.g., Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir.2003) ("[B]ecause Dluhos has filed his complaint *pro se,* we must liberally construe his pleadings, and we will apply the applicable law, irrespective

of whether the *pro se* litigant has mentioned it by name."). Moreover, we have stated that where a "motion is filed outside of the ten days provided for under Rule 59(e) but within the [time] permitted under Rule 60(b), and the motion may be read to include grounds cognizable under the latter rule, we will consider it to have been filed as a Rule 60(b) motion." *Ahmed v. Dragovich,* 297 F.3d 201, 209 (3d Cir.2002).

A review of the "Motion to Vacate Judgment" reveals that Booth's intention in filing it was to proceed, in some manner, with his § 1983 suit now that he has allegedly complied with the administrative exhaustion requirement as to the claims set forth in his Complaint. This motion can be read to include grounds cognizable under Rule 60(b). However, we see no basis upon which the District Court could have set aside the May 30, 1997, judgment under Rule 60(b) based solely upon Booth's allegation that he had now exhausted prison remedies. Under the "catchall" provision of Rule 60(b)(6), which is the only arguably applicable provision of Rule 60(b) in these circumstances, the District Court can relieve a party from a judgment for "any other reason justifying relief from the operation of the judgment." It is well-settled that "the remedy provided by rule 60(b)(6) is 'extraordinary, and special circumstances must justify granting relief under it.'" *Green v. White,* 319 F.3d 560, 563 n. 1 (3d Cir.2003) (quoting *Page v. Schweiker,* 786 F.2d 150, 158 (3rd Cir. 1986)). Booth has made no such showing. Under the terms of § 1997e(a), the exhaustion of administrative remedies is a prerequisite to a § 1983 action, which means that a prisoner must exhaust such remedies "before filing suit." *Mitchell v. Horn,* 318 F.3d 523, 529 (3d Cir.2003). Booth can only claim to have exhausted his remedies after his suit was dismissed, which contravened the terms of § 1997e(a)

and provides no justification for relief from the final judgment.

■ Nevertheless, Booth's "Motion to Vacate Judgment" can also be read as expressing a desire to commence a new action, which Booth was free to do given that his prior suit was dismissed without prejudice. In *Miller v. Norris,* 247 F.3d 736 (8th Cir.2001), a *pro se* prisoner suffered a similar dismissal without prejudice for non-exhaustion of his § 1983 claims. The prisoner later returned and filed a "Motion to Reinstate Cause," arguing that prison officials had thwarted his efforts at exhaustion and that he should be allowed to proceed with the suit. The district court denied the prisoner's motion, but the Court of Appeals reversed, noting that the *pro se* prisoner's "Motion to Reinstate Cause" was entitled to a liberal treatment, and so construed, "the motion should have been treated as initiating a new civil action on the date that it was filed." 247 F.3d at 739.

We find the *Norris* approach suitable here. As in *Norris,* the content of Booth's pleading reflected a desire to proceed with his § 1983 claims in light of his allegation that he has satisfied the exhaustion requirement. Consequently, we conclude that the District Court should have docketed Booth's pleading as a new civil action rather than having denied it as an untimely Rule 59(e) motion. Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court" The plaintiff must also pay the $150 filing fee or seek leave to proceed *in forma pauperis. See* 28 U.S.C. §§ 1914(a), 1915. Based on the Complaint already in the court's file, the District Court can docket a new action filed August 13, 2001, and Booth can submit the fees or an *in forma pauperis* motion.

We note that the *Norris* Court also held that the prisoner's new action would not be

time-barred under the controlling statute of limitations in that case. *See* 247 F.3d at 739. We have no occasion here to address whether Booth's claims are time-barred under the two-year statute of limitations that governs this action. The statute of limitations is an affirmative defense, Fed. R. Civ. Proc. 8(c); *see Gruber v. Price Waterhouse*, 911 F.2d 960, 963 (3d Cir. 1990), and the defendants have yet to be served with Booth's Complaint much less file a response to it. Moreover, the defendants elected not to participate on this appeal, and the limitations question has not been presented to this Court. We thus leave the issue of the timeliness of Booth's new action for the District Court to address should the question be properly presented on remand.

## III.

In sum, we will vacate the Order denying Booth's "Motion to Vacate Judgment," and we will remand for the District Court to docket a new action on August 13, 2001. We express no view on the merits of Booth's claims. We also express no view with regard to Booth's contention that he has satisfied § 1997e(a)'s exhaustion requirement, although we do observe that "failure to exhaust is an affirmative defense to be pleaded by the defendant." *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).