

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-9-2006

# Albert v. Schwartz

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4824

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Albert v. Schwartz" (2006). *2006 Decisions*. Paper 1461.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1461

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-128                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4824
_____

CORNELIUS ALEXANDER ALBERT

Appellant,

v.

MICHAEL SCHWARTZ, FRANK O'NEILL, MARY HOLMES, JOHN HUGHES,
DONALD E. BAIN, III, EDWARD J. GALLANT, III, JEFFREY C. GRIZZLE, LYNN
MONAHAN, PETER POLLICE, JEAN MITCHELL, MARK CEDRONE and KEITH
ZURINSKY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 99-cv-02537)
District Judge: Honorable Louis H. Pollak
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 16, 2006

Before: BARRY, SMITH AND NYGAARD, CIRCUIT JUDGES
(Filed March 9, 2006)

OPINION
_____

PER CURIAM

Cornelius Albert appeals from the judgment entered in favor of the Defendants and

the order denying his motion for relief from judgment. Because we determine that his

appeal lacks arguable merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Albert's claims arise from a vehicle stop and search on May 27, 1997. Surveillance was conducted of Albert while he was at a hotel. Suspicious activity was observed and this led to the stop and search of the vehicle. Before his trial, Albert unsuccessfully attempted to suppress the evidence found in the vehicle. Ultimately, Albert was convicted of credit card fraud and using counterfeiting devices. Albert appealed and this Court affirmed the judgment and conviction, rejecting Albert's claims that the District Court erred in failing to suppress the evidence seized in the vehicle. In March of 1999, Albert filed this civil rights action in the Eastern District of Pennsylvania, raising ten claims, most of which are based on the search and seizure of his vehicle.

Claims I, II, III, V, VI, VII and VIII were dismissed by the District Court for failure to state a claim.[1] Summary judgment was granted in favor of the Defendants on Claims IV and IX. Furthermore, Albert's Motion for Relief filed pursuant to Rule 60(b) was denied.[2] Albert timely appealed. See FED. R. APP. P. 4(a)(1)(B). We granted Albert's application to appeal in forma pauperis.

---

[1] Because Plaintiff does not appeal the District Court's order granting summary judgment as to Count X, we will not discuss this claim in this Opinion.

[2] Albert sought relief pursuant to Federal Rule of Civil Procedure 60(b) regarding the Order of the District Court dismissing Claims I, II, III, V, VI, VII and VIII as well as the granting of summary judgment in favor of the Defendants on Claim IX. He claimed that the Defendants committed a fraud on the court, that the Magistrate Judge abused her discretion with some of her discovery rulings and that the District Court's March 29, 2002 Order was no longer equitable in light of the purported factual misrepresentations upon which its decision was based.

Our review is plenary. See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005)(motion to dismiss); McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005)(motion for summary judgment). In deciding a motion to dismiss, a court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. K Mart Corp., 260 F.3d 228, 232 (3d Cir. 2001); FED. R. CIV. P. 56(c). We review the denial of a 60(b) motion for abuse of discretion; however, to the extent that the motion is being brought pursuant to Rule 60(b)(4), our review is plenary. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002); see also Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986).

Claim I of the Complaint was properly dismissed for failure to state a claim. As explained by the District Court, none of the actions asserted constitutes an invasion of privacy subject to protection under the Constitution.[3] See Katz v. United States, 389 U.S. 347, 351 (1967).

Claims II, III, V and VI were properly dismissed based upon the doctrine of collateral estoppel. Albert asserted Due Process and Fourth Amendment claims arising

---

[3] Albert asserted that the Defendants improperly inquired into his payment and accommodations at the hotel, observed Albert while conducting surveillance at the hotel parking lot, running his license plate number and checking his criminal history.

3

from Defendants' obtaining the search warrant and their subsequent search of his vehicle. Defendants in a Section 1983 action can assert collateral estoppel as a defense where the plaintiff is attempting to raise issues he previously raised in a criminal proceeding. See Anela v. City of Wildwood, 790 F.2d 1063, 1068 (3d Cir. 1986). It is clear that Albert had a full and fair opportunity to litigate the constitutional issues he asserts with respect to the search warrant and the search of his vehicle during his federal criminal proceeding. Therefore, he was estopped from raising these claims again in this action. See id. As explained by the District Court, Albert also is estopped from claiming that the Defendants violated his rights by failing to report violations of his rights attendant to the search (Claim VII).

In Claim VIII, Albert alleged that Defendants Pollice and Mitchell knew of and failed to report false information that was submitted as evidence. A plaintiff seeking declaratory relief under Section 1983 for harm caused by actions whose unlawfulness would render a conviction or sentence invalid "must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641 (1997)(extending Heck to claims seeking declaratory relief). A judgment in favor of Albert on this claim would have implied the invalidity of his conviction or sentence. Therefore, the claim was properly

dismissed.

Summary judgment properly was granted with respect to Claims IV and IX. As to Claim IV, it was determined after some discovery that Holmes was not personally involved in the search of Albert's vehicle. In Claim IX, Albert alleged that Defendant Schwartz intimidated and dissuaded a private investigator hired by Albert from contacting a witness after the conclusion of Albert's criminal trial. The record (i.e. the private investigator's letter) however, shows that Schwartz made contact with the private investigator after she interviewed the witness. Albert did not file an affidavit to counter this evidence in the record. Thus, Albert failed to demonstrate a genuine issue of fact on this claim.

Finally, we find that the District Court did not err in denying Albert's Rule 60(b) Motion.

In sum, we conclude that the District Court properly dismissed Claims I, II, III, V, VI, VII and VIII and properly granted summary judgment as to Claims IV and IX. Because this appeal lacks merit, we will dismiss it under § 1915(e)(2)(B).