**Helen M. PAGE, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 82–1338.**

United States District Court, M.D. Pennsylvania.

July 2, 1984.

Paul D. Welch, New Bloomfield, Pa., for plaintiff and intervenors Feldsor.

Jonathan Stein, Commonwealth Legal Services, Philadelphia, Pa., for plaintiff intervenor Grant Schaefer.

Thomas Dougherty, Gary S. Turetsky, Asst. Regional Atty., Dept. of Health & Human Services, Philadelphia, Pa., Barbara L. Kosik, Asst. U.S. Atty., Harrisburg, Pa., for defendant.

### MEMORANDUM

CALDWELL, District Judge.

Before the court for decision are the proposed procedures submitted by the Secretary in accordance with our Order of September 2, 1983. On April 4, 1984, the Secretary indicated that in Pennsylvania her proposed waiver of overpayment procedures under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* would follow those adopted in *Buffington v. Schweiker,* Civil No. 734–73C2 (9th Cir. October 28, 1982). Plaintiff thereafter indicated her satisfaction with the Secretary's action.

In an order dated April 24, 1984, we set a deadline for submission by the Secretary of her proposed program instructions or procedures and a suggested implementation date. We also directed that responses be filed in accordance with the timetables set forth in the Local Rules for the Middle District of Pennsylvania. These responses have been filed and the Secretary's proposed procedures are now ripe for consideration by this court.

Plaintiff has suggested only three modifications, the last of which deals with the Secretary's proposed implementation date. The Secretary suggested that ninety (90) days from the date of the final decision be the implementation date. Plaintiff has suggested thirty (30) days and argues that this litigation has already been protracted, that the Secretary was aware that its waiver procedures were improper as of the court's memorandum and order of September 2, 1983, and that further delay is unwarranted. Though we understand plaintiff's impatience and find merit to her position, we nevertheless believe that putting the new procedures into action in thirty (30) days gives the Secretary insufficient time. Accordingly we shall direct that sixty (60) days be the implementation deadline for the procedures.

Turning to the substantive issues raised by plaintiff, we note that plaintiff argues that the wording in sub-paragraph three (3) of Section B to Action Note GN 02220.025 (Affidavit of Harris G. Factor, Exhibit A, p. 2) needs clarification. The current wording is as follows:

3. The dates for the individual to have the opportunity to review the folder and have a personal conference. (See GN 02270.009 C.)

Plaintiff contends that this wording could be misconstrued as not requiring a conference but rather only the *opportunity* for a conference and suggests the following revision:

3. The date for the individual to have a personal conference and the date(s) to have the opportunity to review the folder. (Follow instructions at GN 02270.009C.)

We find plaintiff's proposal should be adopted because it avoids any possible confusion.

Finally, plaintiff argues for the exclusion of the second optional paragraph (last full paragraph) in the notices described in Section C and Section H to Action Note GN 02220.025 (Affidavit of Harris G. Factor, Exhibit A, pp. 3 & 5). This paragraph reads as follows:

(IF YOU WOULD LIKE, WE CAN WITHHOLD PART OR ALL OF YOUR SSI OVERPAYMENT FROM YOUR SOCIAL SECURITY BENEFITS. THIS WAY OF REPAYMENT IS VOLUNTARY. YOU MAY STOP THE WITHHOLDING AT ANY TIME. YOUR SO-

CIAL SECURITY BENEFITS WILL NOT BE CHANGED IF YOU DO NOT CHOOSE THIS METHOD OF REPAYMENT. IF YOU WANT US TO WITHHOLD THE OVERPAYMENT FROM YOUR SOCIAL SECURITY BENEFITS, PLEASE GET IN TOUCH WITH US RIGHT AWAY.) (footnote omitted)

The paragraphs at issue provide for cross collection of SSI overpayments from regular Social Security benefits under Title II of the Social Security Act. Plaintiff relies on the statutory proscription in Section 207(a) of the Social Security Act, 42 U.S.C. § 407(a) and upon the case of *Ellender v. Schweiker*, 575 F.Supp. 590 (S.D.N.Y.1983) as holding that cross program recovery, even with a beneficiary's consent, is illegal. Our reading of *Ellender* and its discussion on cross collection of SSI overpayments from Title II benefits persuades us that plaintiff's position in the present matter is well taken. Accordingly, the paragraph in question shall be stricken. An appropriate order in accordance with the foregoing discussion is attached.