NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4181
_____

UNITED STATES OF AMERICA,

v.

RICARDO RAMOS,

Appellant.

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 2-08-cr-00274-002)
District Judge: Hon. Jan E. DuBois

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 24, 2010

Before: McKEE, *Chief Judge*, AMBRO, and CHAGARES, *Circuit Judges*

(filed: October 13, 2010)

OPINION

McKEE, *Chief Judge*.

    Ricardo Ramos appeals the district court's order denying his motion for judgment

of acquittal.  For the reasons that follow, we will affirm.

**I.**

    We write primarily for the parties and therefore will only set forth those facts that

1

are helpful to our brief discussion of the issues. On March 31, 2008, Philadelphia Police Department Strike Force Officers set up surveillance on Rorer and Cambria Streets in Philadelphia - an area known for heroin trafficking. During the course of that surveillance, the officers saw a black Chevy Suburban circle the block several times and then park directly in front of the officers' unmarked car. A man walked up to the passenger side window of the Suburban and handed money to a person inside. The person who had walked up to the car then received something back and proceeded to walk away. The officers identified that person as Ulysses Hood, whom they had arrested previously for dealing heroin. Thereafter, a second individual walked up to the car and the same thing happened. The Suburban then proceeded northbound.

Officers stopped the car approximately three blocks from where it had been parked. Co-defendant Franke Burk was the driver and Ricardo Ramos was in the passenger seat. As one of the officers approached the car, he saw packets of heroin in plain view in the area behind the driver's seat, as well as the butt of a gun in the back seat. Thereafter, officers searched the car pursuant to a search warrant that they had obtained. During the course of that search, they seized cash, 281 packets of heroin, 24 packets of cocaine, a .40 caliber H&K handgun, and drug paraphernalia.

Ramos and Burk were subsequently charged with: (1) possession with intent to distribute controlled substances, and aiding and abetting with possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (2) possession of a firearm in

2

furtherance of drug trafficking, and aiding and abetting the possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(I) and 18 U.S.C. § 2; and (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922.

Prior to trial, Ramos entered a guilty plea and the government filed a motion *in limine* to preclude Ramos from admitting a statement that Burk had made accepting sole responsibility for some of the contraband that was seized. After police found the heroin, Burk said that Ramos "had nothing to do with that," that the money was for an engagement ring, and "this is all mine." The district court ruled that it would consider Burk's statement if Ramos could lay the foundation for an excited utterance or present sense impression during the trial. Ramos did not revisit this ruling during the course of the trial, nor did he make any attempt to lay a foundation to admit Burk's statements.

Ramos was found guilty on all counts. At sentencing, the government presented evidence that he had threatened two witnesses, and had bragged to a cell mate that he had committed a shooting for which he was never convicted. Ramos was sentenced to 300 months' imprisonment.

Ramos raises two arguments on appeal: (1) there was insufficient evidence that he had actual possession or knowledge of the items in the car; and (2) the district court erred in precluding him from eliciting from one of the arresting officers the statement that Burk made about Ramos' involvement.

**II.**

3

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's evidentiary rulings for abuse of discretion and the underlying legal conclusions *de novo*. *See United States v. Serafini*, 233 F.3d 758, 768 n.14 (3d Cir. 2000). In reviewing challenges to the sufficiency of the evidence, we view all of the evidence on the record "in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt based on the available evidence." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (citations and internal quotation marks omitted). Insufficient evidence claims place "a very heavy burden" on an appellant. *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (citations and internal quotation marks omitted). An objection which was not preserved at trial is reviewed for plain error. *United States v. Boone*, 279 F.3d 163, 174 n.6 (3d Cir. 2002).

### III.  ANALYSIS

#### A.  Sufficiency of the Evidence.

Ramos argues that since he exercised no dominion over the contraband, the government failed to prove even constructive possession of the heroin or the firearm beyond a reasonable doubt.

"A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it."

*United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999) (quoting *United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1991)).  However, "mere proximity . . . is insufficient to support a finding of possession." *United States v. Davis*, 461 F.2d 1026, 1036 (3d Cir. 1972).  Moreover, a defendant need not have sole possession of an item in order for the government to establish constructive possession of it.  "[D]ominion and control need not be exclusive but may be shared with others." *Id*. at 1035.

The evidence at trial established that Ramos exercised dominion and control over the drugs and the gun.  Officers testified to two separate observations which the jury could reasonably have concluded were hand-to-hand drug sales out of the passenger window of the Suburban where Ramos was sitting.  Ramos had $442 in his possession, including twenty-six ten-dollar bills.  An expert witness testified that heroin sold for $10 a bag in that area, and that is certainly consistent with having so many ten-dollar bills in one's possession.  In addition, hundreds of packets of drugs, the gun, and drug paraphernalia were found within close proximity to where Ramos was sitting.

Ramos argues that he was not in the car when these alleged hand-to-hand transactions occurred, and suggests that Burk picked him up somewhere along the three blocks between where the drug sales occurred and the officers stopped the car.  Ramos further suggests that even assuming that he was present in the car at the time of the sales, he might have just sat passively while the driver reached past him to make the drug sale.  However, given the testimony, a reasonable jury could certainly conclude that Ramos was

doing something more than enjoying a pleasant evening drive with a friend who just happened to sell some heroin while leisurely driving along the city streets.

The relevant inquiry is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Here, it was reasonable for the jury to conclude that Ramos' presence was more than coincidental. The jury could conclude that he actually participated in the drug sales, and knew the gun was in the car. He was sitting next to the window where drugs and money were exchanged, he had twenty-six ten-dollar bills in his possession, and the gun and hundreds of packets of drugs were in his immediate vicinity inside of the car and were clearly visible to him.[1]

## B. Admissibility of Hearsay Evidence

Ramos also argues that the district court erred in refusing to permit him to admit the statement of co-defendant Burk. Ramos contends that the statement should have been admitted under the present sense impression exception to the hearsay rule. He also argues for the first time on appeal that the district court's decision to exclude the statement

---

[1] The jury convicted Ramos of both aiding and abetting the possession of the drugs and gun, as well as constructive possession, but Ramos addresses only the latter in his brief. "To establish liability based on an aiding and abetting theory, the government must prove (1) that the substantive crime has been committed, and (2) the defendant knew of the crime and attempted to facilitate it." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992). The jury could also have reasonably convicted Ramos under an aiding and abetting theory for the same reasons it could have convicted him of constructive possession and actually being involved in the sales.

6

violated his due process rights pursuant to *Chambers v. Mississippi*, 410 U.S. 284 (1973).

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c); *United States v. McGlory*, 968 F.2d 309, 331 (3d Cir. 1992). A hearsay statement is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule. *McGlory*, 968 F.2d at 333.

The present sense impression exception allows a court to admit "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Fed. R. Evid. 803(1). In order to qualify for admission under this exception: "(1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous." *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998).

Here, the defense did not elicit any foundation to support the admissibility of co-defendant Burk's statement as a present sense impression. Moreover, to its credit, the district court invited defense counsel to seek reconsideration of the ruling while Burk testified. Counsel did not renew the argument that the statement should have been admitted as a present sense impression exception to the hearsay rule. Furthermore, the evidence showed that there was a delay of at least twenty minutes between the

7

defendants' arrest and Burk's statement. In addition, Burk was securely detained inside a police car when he made the statement. Under these circumstances, the district court did not abuse its discretion in ruling that the statement did not satisfy the requirement that "the declarant had no chance to reflect - that is, no time to fabricate or misrepresent his thoughts." *See United States v. Macey*, 8 F.3d 462, 467 (7th Cir. 1993).

Finally, as just noted, Ramos argues for the first time on appeal that precluding Burk's statement violates his due process rights pursuant to *Chambers.* It is well established that, absent extraordinary circumstances, we will not address an issue that is raised for the first time on appeal. *See Page v. Schweiker* 786 F.2d 150, 153 (3d Cir. 1986). Ramos has not shown any such extraordinary circumstances here, and we do not find any.

## IV.

For the foregoing reasons, we will affirm the district court's order denying Ramos' motion for judgment of acquittal.