**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 10-1783
————————

CYRUS R. SANDERS,
                                        Appellant
v.

STEPHEN G. DOWNS, The Bradford County District Attorney.;
ALBERT C. ONDREY, Assistant District Attorney; FRANCIS D.
RINEER, Assistant District Attorney.; GREG HOSTETTLER,
Bradford County Detective; CAPTAIN DONALD C. PETERS;
TROOPER BERNOSKY; TROOPER PETROS; DAVID C.
PELACHICK; GEORGE C. CONFER; UNKNOWN TROOPERS,
Pennsylvania State Police; DANIEL J. BARRETT, District Attorney
Bradford County; JEFFREY SMITH, Bradford County Judge;
MARYLOU VANDERPOOL, Bradford County Court Administrator;
JOHN KERN, JR.; LEONARD SIMPSON, District Attorney Sullivan
County; CYNTHIA DUNLAP
————————————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-01560)
District Judge:  Honorable A. Richard Caputo
————————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: March 22, 2011)

————————

OPINION

————————

PER CURIAM.

Cyrus Sanders, a prisoner proceeding *pro se*, filed in the District Court a complaint under 42 U.S.C. §§ 1983 and 1985. Sanders appeals from the District Court's order granting the defendant-appellees' motion to dismiss. For the reasons that follow, we will affirm in part, vacate in part, and remand the matter for further proceedings.

## I.

Sanders' complaint, filed in August 2008, alleged that his constitutional rights were violated by four different groups: the Pennsylvania State Police and Bradford County police officers; Cynthia Dunlap, a private citizen; prosecutors in Bradford and Sullivan Counties; and officials of the Court of Common Pleas, Bradford County. The complaint arose from two courses of conduct.

First, in January 2006, Sanders was arrested at his home on a fugitive warrant. Sanders claimed that he refused the arresting officers' request to search his property, but, notwithstanding his refusal, the officers conspired with Cynthia Dunlap to obtain such permission, even though she did not have authority to give such consent.[1] Sanders contended that, "[a]fter Petitioner was taken to the Bradford County P.S.P. Barracks, an extensive search was made at his home without a warrant or Petitioner's consent." D. Ct. Doc. No. 1, 6 ¶ 35. In his amended complaint, Sanders further alleged that "[m]embers of the P.S.P. deprived Petitioner, who was at the scene and readily

---

[1] Nothing in the record explains the nature of Sanders' relationship to Ms. Dunlap. At a minimum, it appears that Dunlap was a guest on Sanders' property, and he believes that officers agreed to overlook Dunlap's possession of drug paraphernalia in exchange for her agreement to allow a search of Sanders' property.

available, of the right to refuse consent to a warrantless search of his home . . . ." D. Ct. Doc. No. 21, 17 ¶ 65. As a result of the search, Sanders -- who had been incarcerated since the day of the search -- was charged with additional crimes and convicted. Sanders argued that the conspiracy and unlawful search violated his constitutional rights.

Second, Sanders alleged that between June 2006 and March 2007, while he was incarcerated, certain individuals, including Dunlap, stole thousands of dollars in property from his home. Sanders and his personal representative made several attempts to obtain assistance from the police, prosecutors, and the courts, but received no help. Sanders claimed that the various officials' failures to act violated his constitutional rights to due process and equal protection.

The defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge recommended that the complaint be dismissed, and the District Court granted the motions over Sanders' objections. Sanders appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). We exercise plenary review over the District Court's order dismissing Sanders' complaint under Rule 12(b)(6). See Capogrosso v. Sup. Ct. of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (citing McGovern v. Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009)). "We accept all well-pleaded allegations in the complaint as true and draw all

3

reasonable inferences in [Sanders'] favor." McGovern, 554 F.3d at 115. "The District Court's judgment is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to [Sanders], we determine that [he] is not entitled to relief under any reasonable reading of the complaint." Id. Although the District Court appropriately dismissed the bulk of Sanders' claims, we conclude that the District Court erred in dismissing his unlawful search claim.

The District Court reasoned that Sanders' unlawful search claim was barred by the statute of limitations. In § 1983 cases, federal courts apply the state personal injury statute of limitations, which is two years in Pennsylvania. See Smith v. Holtz, 87 F.3d 108, 111 & n.2 (3d Cir. 1996); 42 Pa. Cons. Stat. Ann. § 5524 (West 2004). "A [§] 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. of Delaware v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). The District Court reasoned that, based on the averments in Sanders' complaint, he was present for the search (in January 2006), but failed to file his complaint until August 2008 -- several months beyond the two-year limitations period. The District Court expressly relied on a portion of Sanders' amended complaint, which reads: "Members of the P.S.P. deprived Petitioner, who was at the scene and readily available, of the right to refuse consent to a warrantless search of his home . . . ." D. Ct. Doc. No. 21, 17 ¶ 65.

4

Sanders' statement is somewhat vague, and we disagree with the District Court's conclusion that the statement -- read in the light most favorable to Sanders -- indicates his presence during the search. Construing his amended complaint liberally, one could reasonably conclude that Sanders did not admit to being present at the time of the search. This approach is consistent with both the statement in his original complaint that the search occurred "[a]fter Petitioner was taken to the Bradford County P.S.P. Barracks," D. Ct. Doc. No. 1-2, 6 ¶ 35, and his argument on appeal that he refused consent to search and was immediately taken to jail. According to Sanders, the search did not occur until after he was taken to jail, and he did not learn of the search until around August 25, 2006, when he was unexpectedly transported from jail to be arraigned on charges stemming from the search.[2] If, as Sanders contends, he refused requests to search his property, was removed from the premises before any search occurred, and was not made aware of the search until, at the earliest, his August 2006 arraignment, then it appears his August 20, 2008, complaint was timely, albeit just barely. Taking Sanders' assertions as true, as is required under Rule 12(b)(6), we conclude that the District Court erred in dismissing his complaint as untimely.

We also disagree with the Magistrate Judge's alternative conclusion -- which the District Court implicitly adopted -- that Sanders' unlawful search claim was

---

[2] We take judicial notice that, according to the docket sheet related to Sanders' proceedings before the Magisterial District Judge in Albany Township, Bradford County, Pennsylvania, Sanders was arrested and arraigned on August 23, 2006.

5

barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" no longer stands.  Id. at 486-87 (footnote omitted).  However, Heck does not typically bar actions for Fourth Amendment violations, such as those Sanders alleges. [3] See id. at 487 n.7.

As to Sanders' § 1985 conspiracy claim, the District Court correctly reasoned that Sanders failed to state a cognizable claim because he did not allege in his complaint or amended complaint that any racial or otherwise class-based discriminatory animus lay behind the defendants' actions.  See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993).

The District Court also properly dismissed Sanders' claims that officials violated his right to due process by failing to properly respond to the reports of alleged thefts from his home.  As to Sanders' claim against the Pennsylvania State Police and the Bradford County police officers, the District Court correctly reasoned that there is no constitutional right to the investigation or prosecution of another.  See Mitchell v.

---

[3] We also note that Dunlap's status as a private citizen does not shield her from liability.  "[A] private party can be liable under § 1983 if he or she willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right . . . ."  Max v. Republican Comm. of Lancaster Cnty., 587 F.3d 198, 203 (3d Cir. 2009).

McNeil, 487 F.3d 374, 378 (6th Cir. 2007) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Sanders' claims against prosecutors in Bradford and Sullivan Counties necessarily fail because prosecutors enjoy absolute immunity for the failure to adequately investigate a case and for the decision to initiate, or decline to initiate, a prosecution. See Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992).

Relatedly, Sanders asserted throughout his amended complaint that the police and prosecutors' failure to respond to his complaints violated his right to equal protection under the Fourteenth Amendment. The District Court reasoned that Sanders' equal protection argument failed for the same reason as his due process argument: there is no constitutional right to a criminal investigation or a prosecution. However, an equal protection analysis concerns whether government actors discriminated against an individual for an impermissible reason, such as race, religion, or some other unjustifiable classification. See Price v. Cohen, 715 F.2d 87, 91-92 (3d Cir. 1983). An appropriate reason for dismissing Sanders' equal protection claim, then, is that he failed to allege that he was discriminated against on an impermissible basis. To the extent that Sanders alleged that he was discriminated against based on his status as a felon, he did not allege that felons, as a class, receive disparate treatment; nor did he allege that non-felons receive more help.

As to Sanders' claim against Judge Smith of the Court of Common Pleas,

Bradford County, the District Court reasoned that Judge Smith was entitled to absolute judicial immunity for his decision denying Sanders' petition for review of the District Attorney's decision not to initiate a prosecution based on the thefts from Sanders' home. We agree. See Capogrosso v. Sup. Ct. of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009).

Finally, Sanders' complaint included a claim against Marylou Vanderpool, Bradford County Court Administrator, for failing to file his court documents. The Pennsylvania Rules of Criminal Procedure require that documents be filed in the Clerk's Office, and that they also be served upon the court administrator. See Pa. R. Crim. P. 576. The District Court correctly reasoned that, although Vanderpool apparently had assisted Sanders in complying with Rule 576 in the past, she was under no duty to do so in all instances and did not violate his right to due process by requiring him to file his documents with the Clerk's Office. We agree. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982) ("The State may erect reasonable procedural requirements for triggering the right to an adjudication . . . [a]nd the state certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural . . . rule." (emphasis in original) (internal citations omitted)).

Accordingly, we will affirm in part, vacate in part, and remand the matter for further proceedings.