**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4457
_____

CYRUS R. SANDERS,
                              Appellant

v.

STEVEN DOWNS, Bradford County District Attorney; ALBERT C. ONDREY,
Assistant District Attorney; FRANCIS D. RINEER, Assistant District Attorney; GREG
HOSTETTLER, Bradford County Detective; CAPTAIN DONALD C. PETERS;
TROOPER BERNOSKY; TROOPER PETROS; DAVID C. PELACHICK; GEORGE C.
CONFER; UNKNOWN TROOPERS, Pennsylvania State Police; DANIEL J.
BARRETT, District Attorney, Bradford County; JEFFREY SMITH, Bradford County
Judge; MARYLOU VANDERPOOL, Bradford County Court Administrator; JOHN
KERN, JR.; LEONARD D. SIMPSON, District Attorney Sullivan County; CYNTHIA
DUNLAP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-01560)
District Judge: Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2015
Before: FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: August 7, 2015)
_____

PER CURIAM

Cyrus Sanders appeals the District Court's order denying his motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b). For the reasons set forth below, we will affirm the District Court's judgment.

Sanders filed a complaint pursuant to 42 U.S.C. § 1983 against various prosecutors, law enforcement officials, employees of the Bradford County Court of Common Pleas, and a private individual, Cynthia Dunlap, each of whom he believed to be responsible for violating his constitutional rights. The complaint arises out of Sanders' arrest and a subsequent search of his home by the Pennsylvania State Police (PSP), during which they seized several items. Sanders claimed that he denied them permission to search the property, but that the PSP conspired with defendant Dunlap, who allegedly represented herself as his common law wife, to obtain such permission. Sanders was subsequently convicted of receiving stolen property based on evidence seized from his home. In the complaint, Sanders maintained that the search was illegal and that he was falsely arrested. He further alleged that certain items of his property, including a "specialized vehicle," were unlawfully taken from his residence during his subsequent incarceration. He maintained that certain officers, prosecutors and court

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

personnel failed to assist him in his efforts to retrieve his property, thereby violating his due process and equal protection rights.

The District Court entered an order dismissing the claims pursuant to Fed. R. Civ. P. 12(b)(6). On appeal, we affirmed the order in part, and vacated with directions to evaluate, with respect to his unlawful search claim, whether Sanders was present at the time of the search and therefore had notice for purposes of the statute of limitations. Sanders v. Downs, 420 F. App'x 175 (3d Cir. 2011). On remand, the District Court granted summary judgment to the remaining defendants in an order entered June 24, 2013. Sander's appeal was dismissed for lack of jurisdiction because it was untimely filed. See C.A. No. 13-3822. In February 2014, Sanders filed a motion for relief from judgment based on mistake, pursuant to Rule 60(b)(1), and newly discovered evidence, pursuant to Rule 60(b)(2). The District Court denied the motion and this timely appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. Generally, we review the District Court's denial of a motion pursuant to Rule 60(b) for an abuse of discretion. Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 & n.5 (3d Cir. 2008) (explaining also that we exercise plenary review over orders granting or denying relief under Rule 60(b)(4)). An appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review where, as here, it was not filed within the time frame pursuant to Fed. R. App. P. 4(a)(4). See Browder v. Dir.,

Dep't of Corr., 434 U.S. 257, 263 n.7 (1978). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

In his motion, Sanders argues that the District Court "mistakenly" granted immunity to the defendant prosecutors of Bradford County "by failing to address the fact [that] members of the Bradford County DA's Office supplied false information to the PSP."[1] Fed. Rule Civ. P. 60(b)(1) permits relief from judgment on the grounds of "mistake." Sanders' argument, however, is more akin to a claim of legal error on the part of the District Court. We have noted that "some courts have held that legal error without more cannot be corrected under Rule 60(b)," while other courts "have held that legal error may be characterized as 'mistake' within the meaning of Rule 60(b)(1), but only where the motion is made . . . within the time allowed for appeal." Page v. Schweiker, 786 F.2d 150,154-55 (3d Cir. 1986). Sanders filed his motion long after the time period to appeal expired; accordingly, even assuming Page allows for the possibility that a claim of legal error can be raised under Rule 60(b)(1), Sanders' belated motion rendered relief unavailable. Nevertheless, because he presents allegedly "new evidence" in support, we will analyze the claim under Rule 60(b)(2).

---

[1] In the R&R addressing the Rule 60(b) motion, which was adopted by the District Court, the Magistrate Judge recommended rejecting this basis for relief because the claims against the prosecutors were dismissed "for reasons other than prosecutorial immunity." This conclusion was in error. In a memorandum accompanying its order, the District Court explicitly dismissed the claims against the prosecutors on the basis of absolute immunity. Dst. Ct. 3/9/10 Memorandum, pg. 10. We affirmed the dismissal of the claims on this basis. Sanders, 420 F. App'x at 180.

4

Pursuant to Rule 60(b)(2), a district court has discretion to reopen a judgment only if the newly discovered evidence is material and would "probably have changed the outcome" of the proceedings. See Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). In support of his claim, Sanders first provides two letters from the PSP responding to his complaints regarding the alleged theft of his vehicle. The first letter, dated June 12, 2007, indicates that the Bradford County District Attorney's Office concluded, based on an investigation by the PSP, that Sanders' dispute with defendant Dunlap over the ownership of the vehicle was a civil matter, which Sanders could pursue through civil litigation. The second letter, dated May 20, 2013, references the 2007 letter, and reaffirms the "matter in establishing interest in ownership" in the vehicle, is a civil, rather than a criminal matter. These letters are insufficient to warrant the "extraordinary relief" afforded by Rule 60(b). See id. ("We view Rule 60(b) motions as 'extraordinary relief which should be granted only where extraordinary circumstances are present.'") (citation omitted).

First, the evidence is not "new," as the 2007 letter pre-dates the civil suit and the 2013 letter reiterates information available in the first letter. Moreover, as was noted in the dismissal of the claims, a prosecutor is absolutely immune from the decision regarding whether a matter presents sufficient evidence to warrant a criminal prosecution. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution . . . the prosecutor is immune from a civil suit for damages under § 1983."). These letters do not indicate, as Sanders suggests, that the prosecutor's office "took the position of a

complaining witness," or gave "legal advi[c]e" to the PSP. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (a prosecutor is granted only qualified immunity when performing investigatory or administrative functions, or is essentially functioning as a law enforcement officer). Nor is it clear that the decision was "false" or "malicious." Because the letters merely reflect the Bradford County District Attorney's Office's decision that the evidence surrounding the ownership of Sanders' vehicle did not warrant criminal prosecution, the letters were clearly not material.

Next, Sanders provided evidence which he argued demonstrates his "sole ownership of the vehicle," and further supports his allegations against the prosecutor's office. The evidence, which consists of two letters from the Attorney General's office indicating that an "Order to Show Cause" was filed against Bruce Cohen, the notary public who notarized the transfer of title of the vehicle from Sanders to Dunlap, is not "new." The first letter is dated April 2013, while the suit was still pending in the District Court, and the second letter, dated after the suit was dismissed, merely reiterates information set forth in the first. Moreover, as the District Court noted, Cohen was not a party to the civil rights suit; therefore, even if it was new, the evidence was immaterial and insufficient for purposes of Rule 60(b)(2).[2]

---

[2] In the appendix to his appellate brief, Sanders included a consent agreement between the Attorney General and Cohen, which was not part of the record before the District Court. See Clark v. K-Mart Corp., 979 F.2d 965, 967 (3d Cir. 1992) (appeals are limited to the facts that were developed in the District Court). We note that, in the agreement, Cohen acknowledged that he notarized the transfer of a vehicle from Sanders to defendant Dunlap, but neglected to record the transaction in the notary register, and failed

6

Finally, the District Court properly concluded that Sanders' affidavit from Dunlap's son suggesting Dunlap conspired with the PSP to allow it to illegally search Sanders' home is not "new evidence." The affidavit, which Sanders signed as a witness, was dated prior to the filing of the amended complaint and, therefore, was clearly discoverable at that time.

Accordingly, because there is no basis for relief under Rule 60(b)(1), and the evidence presented pursuant to Rule 60(b)(2) is neither new nor material, the District Court order denying the motion for relief from judgment will be affirmed.

---

to appropriately list certain notarization fees. Contrary to Sanders' contention, it does not demonstrate that Cohen fraudulently transferred ownership of the vehicle to Dunlap; it merely documents his failure to comply with the state's notary code. As the May 2013 letter − which *is* part of the District Court record − indicates, the Attorney General's investigation "dealt exclusively" with Cohen's "compliance with the Commonwealth laws in reference to the proper transfer of property between parties rather than any establishment of ownership of property."