**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3398
_____

GEORGE E. JOHNSON, JR.,
Appellant

v.

JONATHAN P. RARDIN, ESQ.; SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY; JOE CASEY, in their individual was well as their
official capacity as state actors; ELLIS I. MEDOWAY, ESQ., in their individual as well
as their official capacity as state actors; JEFFREY LANDOSKY, ESQ.; UNITED
STATES OF AMERICA & CLERK #2; HOWARD A. ROSENTHAL, ESQ., in their
individual and official capacity as state actors; ARCHER & GREINER, P.C.; GARY D.
FRY, ESQ., in their individual and official capacity as state actors
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-05542)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2015
Before:  CHAGARES, JORDAN and NYGAARD, Circuit Judges

(Filed: September 23, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se Appellant George E. Johnson, Jr., appeals from a District Court order denying his motion filed pursuant to Federal Rule of Civil Procedure 60(b)(3). We will affirm.

In September 2013, Johnson filed a complaint in the United States District Court for the Eastern District of Pennsylvania, primarily alleging that the Southeastern Pennsylvania Transportation Authority (SEPTA) and its attorney committed fraud while defending a lawsuit brought by Johnson in state court. The District Court sua sponte dismissed the complaint for lack of jurisdiction on the ground that Johnson's claims were barred by the Rooker-Feldman doctrine. Johnson filed a notice of appeal, but we dismissed his appeal for failure to prosecute. See C.A. No. 13-4374 (order entered June 27, 2014).

Meanwhile, Johnson continued to seek relief in the District Court, requesting reconsideration and leave to file amended complaints.[1] The District Court denied those motions by order entered February 18, 2014. Johnson filed a "Motion to Vacate the Order of Feb. 18, 2014," which the District Court denied on June 2, 2014.

---

[1] In particular, Johnson filed a "Motion for Leave to File an Amended Complaint" (Dist. Ct. Doc. No. 5), a "Motion for Reconsideration/And Amendment to the Motion for Leave to File Amended Complaint of 10/09/13" (Dist. Ct. Doc. No. 6), a "Motion to Strike Defendant's Response to Plaintiff's Motion for Reconsideration" (Dist. Ct. Doc. No. 14), and a "Petition and Motion for Relief from Judgment" (Dist. Ct. Doc. No. 17).

2

On June 20, 2014, Johnson filed a motion under Rule 60(b)(3). In the motion, Johnson sought relief from the order denying his motion to vacate. He vaguely asserted fraud and misrepresentation, alleging that "the books are being cooked," that there was a "conspiracy to disenfranchise" him, and that the defendants committed "professional malpractice." By order entered July 21, 2014, the District Court denied the motion, holding that Johnson "alleges no facts to support a finding of such egregious conduct. Rather, his claim rests on a mix of insinuation and misunderstanding of the electronic docket entries in his case."

Johnson appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the denial of a motion filed pursuant to Rule 60(b)(3) for abuse of discretion. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002) (citation omitted).

The District Court did not abuse its discretion here. To prevail on a Rule 60(b)(3) motion, the moving party must establish that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting his case. See Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983). Johnson failed to provide evidence or argument demonstrating that the orders entered against him were the product of fraud by the defendants. We note that it was the Rooker-Feldman doctrine, rather than any fraud, real or imaginary, that determined the outcome of his complaint. Moreover, his assertion that "fraud upon the court is found in the docket entries" is unfounded. For instance, Johnson claimed "a fix was in" because the

3

docket indicates that the action arose under 28 U.S.C. § 1981 (rather than § 1983) and that no jury was demanded (when he did seek trial by "jury from the outset"). Johnson also found suspicious the fact that the defendants entered their appearance "on the very same day as the filing of their response in opposition to [his] motion for reconsideration" and "before [he] had filed his notice of appeal." He also believed that fraud exists because the June 2, 2014, order "appears to have been something that would have been written by the clerk" and Johnson "knows of no responsible judge that would enter an order of this nature." These allegations are insufficient to support relief under Rule 60(b)(3). Therefore, the District Court did not abuse its discretion in denying Johnson's Rule 60(b)(3) motion.

For the foregoing reasons, we will affirm the judgment of the District Court.[2]

---

[2] Johnson's renewed motion for appointment of counsel and his motion for oral argument are denied. Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993). The United States' motion to summarily affirm and to stay the briefing schedule is denied.