**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4279
_____

GEORGE E. JOHNSON, JR.,

                                    Appellant

v.

JONATHAN P. RARDIN, Esq.; SOUTHEASTERN
PENNSYLVANIA TRANSPORTATION AUTHORITY;
JOE CASEY, in their individual as well as their official
capacity as state actors; ELLIS I. MEDOWAY, Esq., in their
individual as well as their official capacity as state actors;
JEFFREY LANDOSKY, Esq.; UNITED STATES OF
AMERICA, & Clerk #2; HOWARD A. ROSENTHAL, Esq.,
in their individual as well as their official capacity as state actors;
ARCHER & GREINER; GARY D. FRY, Esq., in their
individual as well as in their official capacity as state actors
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 13-cv-05542)
District Judge: Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2017

Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 21, 2017)

_____

OPINION[*]
_____

PER CURIAM

George E. Johnson, Jr. appeals from an order of the District Court dismissing his motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 60. For the reasons that follow, we will affirm.

Johnson filed a civil rights complaint in the United States District Court for the Eastern District of Pennsylvania in 2013, alleging that the Southeastern Transportation Authority ("SEPTA") and its counsel, Jonathan P. Rarden, committed fraud while defending his state court lawsuit. In an order entered on October 9, 2013, the District Court _sua sponte_ dismissed the complaint on the ground that Johnson's claims were barred by the Rooker-Feldman doctrine.[1] Johnson's appeal to this Court was dismissed for failure to prosecute in 2014, see C.A. No. 13-4374. Johnson then tried several times, unsuccessfully, to amend his complaint.

On June 20, 2014, Johnson filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 60(b)(3), alleging fraud, that there was a conspiracy to disenfranchise him, and that the defendants had committed professional malpractice. In an order entered on July 21, 2014, the District Court denied the Rule 60 motion, holding

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

that Johnson "alleges no facts to support a finding of such egregious conduct. Rather, his claim rests on a mix of insinuation and misunderstanding of the electronic docket entries in his case." Johnson appealed, and we affirmed, see Johnson v. Rardin, 627 F. App'x 140 (3d Cir. 2015). Johnson also unsuccessfully sought mandamus relief in this Court.

On November 15, 2016, Johnson filed another motion for relief from judgment, this time pursuant to Rule 60(b)(4). He alleged that the District Court's order dismissing his complaint was void in light of fraud upon the court, but he otherwise repeated his previous allegations that SEPTA's counsel had conspired to disenfranchise him; that SEPTA had "defaulted in this action in state court;" and that SEPTA's counsel had committed professional malpractice. Johnson noted that a void judgment must be reopened; the matter is not discretionary. In an order entered on November 22, 2016, the District Court denied the motion, concluding that Johnson alleged no facts to support his claims. Johnson appealed and submitted a motion for appointment of counsel on appeal, which we denied. We also denied his motion for reconsideration and summary reversal. The matter is now briefed and ripe for disposition.

We have jurisdiction under 28 U.S.C. § 1291. "On motion and just terms, the [District Court] may relieve a party or its legal representative from a final judgment, order, or proceeding" where "the judgment is void." Fed. R. Civ. P. 60(b)(4). Our review of the denial of a Rule 60(b)(4) motion is plenary. See Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986).

We will affirm. In his brief, Johnson contends that the appellees have conspired to disenfranchise him and that the District Court's November 22, 2016 judgment "should

3

never have been scanned into the record, being clearly void and also indicating … some type of collusion between the clerk and the" appellees, Appellant's Brief, at 2. A "void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (citing Restatement (Second) of Judgments 22, § 12 (1980)). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. (citations omitted).

The District Court properly denied Johnson's Rule 60(b)(4) motion. Johnson has alleged no facts to support his claim that the District Court's 2013 judgment is void. To the extent that he has argued that the November 21, 2016 Order denying his Rule 60(b)(4) motion is void because it was electronically signed by the District Court, we note that Local Rule of Civil Procedure 5.1.2(13) gives the "traditional" and necessary force and effect to orders filed electronically without the original signature of a judge. E.D. Pa. Local Civ. R. 5.1.2(13).

For the foregoing reasons, we will affirm the order denying Johnson's Rule 60(b)(4) motion.